GEORGIA WARE v. OSCAR C. SQUYER.[1]

November 16, 1900.

Nos. 12,337—(59).

**Pledge—Theft of Property—Burden of Proof.**
　　Where personal property is pledged as security for a loan, it is the duty of the pledgee to exercise ordinary care in protecting it from theft; and the burden is upon such pledgee to show such care, to relieve himself from responsibility where it is stolen from him, in an action by the owner for its conversion.

**Findings Sustained.**
　　Evidence considered, and *held* sufficient to support the facts found by the trial court, and that such findings of fact support the conclusions of law in this case.

Action in the municipal court of Minneapolis against defendant, doing business as Pioneer Loan Company, to recover $320 damages for conversion of jewelry. The case was tried before Kerr, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. M. Murray*, for appellant.

*John M. Rees*, for respondent.

LOVELY, J.

Action to recover the value of a quantity of jewelry pledged by plaintiff to defendant to secure the payment of money loaned to her. Defendant refused to return the jewelry after demand and tender of amount due, and offers as an excuse for not doing so the claim that the property was stolen without his fault from the place where he had deposited the same for safekeeping. The court found for the defendant generally, and specifically that the plaintiff was the owner of the property pledged; that at the time specified defendant came into the possession of the same as pledgee, and was holding it as security for money which had been loaned to the plaintiff; that the property was kept by defendant in his office safe in the Kasota

[1] Reported in 84 N. W. 126.

Block, Minneapolis, from which it was "stolen by parties unknown, without any fault or negligence on the part of defendant." The court also found that defendant did not, for five months after the theft, advise or inform the plaintiff of that fact.

Without going into details, it is sufficient to say that the evidence reasonably tends to support these findings. As is often the case on review of causes here, there has been a very thorough discussion of the weight of the evidence by the counsel, who contests the sufficiency of the evidence to support the findings of fact; but, under the well-settled rule uniformly applied on appeals from issues of fact to this court, the only duty we have to perform is to inquire whether the testimony reasonably tends to support the conclusion of the trial court, who passed upon its weight and credibility. After a careful reading of the settled case, it may be readily conceded that the inferences of fact that the property was actually stolen, as well as that the defendant was without fault, are open to doubt; yet we cannot say that such conclusions are not supported by evidence, and in this respect we are bound to accept the judgment of the tribunal who saw the witnesses and heard their testimony. It only remains to apply the law to the facts so found. The defendant was the pledgee of the jewelry intrusted to his care, and where personal property is pledged as security for a loan, and it has been stolen, the bailment being for the mutual benefit of the parties, if the theft is occasioned by any negligence, the bailee is responsible; if without negligence, he is discharged. Ordinarily diligence is not disproved, even presumptively, by mere theft; but the proper conclusion must be drawn from weighing all the circumstances of the particular case. Story, Bailm. § 338; 1 Am. & Eng. Enc. 661, and cases cited.

The finding by the court of the asportation is also coupled with the finding that the same was without fault or negligence on defendant's part, and this finding amounts to more than a mere conclusion of law, but involves the essential fact that the pledgee exercised due care as bailee of the property. Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69, 9 N. W. 75. A liberal but fair construction of this finding includes the view that the jewelry was kept in a reasonably safe place, that ordinary care was used in protecting

the same from theft, and, in connection with the conclusion that it was unlawfully taken by parties unknown, necessarily implies that the loss happened without fault or negligence on the part of the defendant, and necessarily relieves him from a claim for damages for its conversion.

The fact that defendant did not notify the owner of the property until five months after the theft is very potent evidence of negligence on his part in the care of the property, and, standing unexplained, of itself naturally excites suspicion of the claim that it was stolen. Whether his explanation of the same, to the effect that he had hired detectives, and notified the police, and used endeavors to recover the stolen property overcomes the effect of this testimony, is not, as already indicated, for us to decide. It was within the province of the court below to pass upon this question, and we do not feel at liberty to disturb its finding in that regard.

The finding that the property had been stolen and removed from the bailee's possession shows a condition which may be presumed to continue until proper proof shows a change in such condition, and it was not essential that the court should have also found that it was not reclaimed or in the possession of the defendant at the time of the demand.

Order affirmed.