## CHARLES E. AIKEN, AS RECEIVER OF OLD COLONY LAND COMPANY v. ANNA TIMM AND ANOTHER.[1]

December 10, 1920.

No. 21,976.

**Corporation—conveyance presumptively fraudulent as against creditors—sequestration.**

1. A conveyance of land by an insolvent corporation, acting through its general manager, to the wife of such manager and in payment of a debt due to her from the corporation and also an indebtedness due to the manager so executing the same, is presumptively fraudulent as to other existing creditors, and may be avoided in statutory sequestration proceedings brought in their behalf.

**Same—conveyance may be avoided, when.**

2. The transfer in such case is not a nullity in an action of that kind, and may be avoided only to the extent it may obstruct the enforcement of the claims of creditors.

[1]Reported in 180 N. W. 234.

**Trial—findings construed in the light of the evidence.**

3. The findings of the trial court are to be construed in the light of the evidence offered and received on the trial, and technical defects therein will be supplied by intendment as to issues not controverted or disputed by the parties, and upon which the evidence leaves no fair doubt.

**Decision sustained.**

4. The findings of the trial court in the respects challenged by the assignments of error are sustained by the evidence, the conclusions of law are supported by the findings of fact, and the record presents no reversible error.

Action in the district court for Itasca county to set aside a conveyance of real property as fraudulent. The answer alleged, among other matters, that since acquiring title and possession of the land defendants had placed improvements thereon and paid taxes amounting to $3,600, including interest on the mortgage; that these payments were made prior to any actual notice of plaintiff's claim or the claim upon which the action was founded. The case was tried before McClenahan, J., who made findings and as conclusions of law found that the conveyance was fraudulent and void; that defendants had no relief; that the Old Colony Land Company was the owner of the premises, subject to plaintiff's receivership; that defendants within ten days after service of notice of entry of judgment deliver to plaintiff a sufficient deed of the premises. From an order denying their motion for amended findings or for a new trial, defendants appealed. Affirmed.

*H. W. Stark,* for appellants.

*Willard A. Rossman,* for respondent.

BROWN, C. J.

This action was brought by plaintiff, as receiver in statutory sequestration proceedings, against the Old Colony Land Company, an insolvent corporation, to set aside a conveyance of certain real property owned by the corporation alleged to have been fraudulent and void as to creditors. Plaintiff had judgment and defendants appealed from an order denying a new trial.

The facts as disclosed by the findings of fact made by the trial court are substantially as follows: The Old Colony Land Company is a

Minnesota corporation and insolvent and unable to pay its debts. The company owned the tract of land involved in the action, and on February 14, 1917, the same was conveyed to defendant Anna Timm, the wife of defendant H. H. Timm. The conveyance was in due form and was subsequently filed for record in the office of the register of deeds. It was executed on the part of the corporation by defendant H. H. Timm, who was vice president thereof, and C. W. Somers, as secretary. The corporation was insolvent at the time, to the knowledge of Timm, the vice president. William A. Rossman was a creditor, and brought suit to recover on his claim. Judgment was rendered in his favor against the corporation for the sum of $110 and costs, on October 18, 1917, upon which execution was issued and subsequently returned by the sheriff unsatisfied. Rossman then brought the sequestration action in which plaintiff herein was appointed receiver by order of the court.

The trial court found that the conveyance to Mrs. Timm was fraudulent as to creditors; that the only consideration therefor was an indebtedness claimed against the company by both the Timms, and that the transfer to Mrs. Timm was an attempt to prefer them over other creditors of the corporation. The court further found that subsequent to the conveyance defendants made certain improvements on the premises, but that they were not made in good faith; that they also paid the taxes assessed against the land, and the interest accruing upon a mortgage indebtedness for which the land was liable, but that the payments were not made in good faith. Those findings were made in response to claims presented by the answer of defendants under the occupying claimants' statute, section 8070, G. S, 1913. The court also found that the land was encumbered by a mortgage in the sum of $1,000, but that the value thereof exceeded that debt.

On defendants' motion for an amendment to the findings in certain respects the trial court indicated in its order disposing of the same that there was no intention in the original findings to predicate the decision upon the theory of actual fraud, and that there was constructive fraud only, and that arising from the attempt of defendants in securing the conveyance of the land to prefer themselves over other creditors of the corporation, a violation of the fiduciary relations existing between Timm

and the corporation and its creditors, Timm being the vice president and general manager of the company at the time.

The principal contentions in support of the appeals are that there is no evidence of the insolvency of the corporation at the time of the transaction, that the court was not justified in finding that the conveyance to Mrs. Timm was either fraudulent or unlawful, or that there were creditors to be defrauded; and, further, that there is no finding or evidence that Rossman, plaintiff in the sequestration suit, was a creditor of the company at the time of or prior to the conveyance; and, again, that the court erred in finding that the improvements made upon the premises after the conveyance, the payment of taxes and a judgment against the company, were not made or paid in good faith.

1. A careful reading of the record leads to a conclusion adverse to defendants upon each of the points stated. The insolvency of the company was clearly shown; in fact, the question does not seem to have been controverted on the trial. At any rate there was evidence, found in the testimony of Timm, the managing officer of the company, that there were unpaid claims against the company, including that of Rossman, at the time the land was conveyed to Mrs. Timm; that the land so conveyed was all the property, real or personal, the company then owned, and that it was encumbered by a mortgage in excess, as defendants now claim, of its value. And although the court made no express finding as to the existence of creditors at the date of the conveyance, or that Rossman was such, the findings necessarily imply their existence, and, though technically defective, should be so construed. The court did find that the purpose of the conveyance to Mrs. Timm was to prefer the Timms to other creditors, and for that reason that it was fraudulent. In this situation, the insolvency and existence of creditors being shown, and from which but one finding could well be made, we construe the findings in the light of the undisputed evidence on the question, and supply by intendment the omission of an express finding thereon. Sprague v. Stroud, 114 Minn. 64, 129 N. W. 1053; Ware v. Squyer, 81 Minn. 388, 84 N. W. 126, 83 Am. St. 390. It is not important that the evidence and findings do not disclose the amount of the different items of existing indebtedness. That will be a matter for ascertainment when

funds are in the hands of the receiver for distribution. The creditors necessarily will have to present their claims for allowance in the usual procedure in such cases. The findings of fact are therefore sufficient and sustain the conclusion of law.

2. The contention that the court erred in finding that in the payment of taxes against the land, interest on the mortgage indebtedness, and improving the land by the repair of old and erection of new buildings by defendants, they did not act in good faith, is not sustained. At the time the conveyance was executed to Mrs. Timm, defendant H. H. Timm, the general manager of the affairs of the corporation, knew of the outstanding indebtedness of the company, and of the fact that it was insolvent; he was the agent, as he testified, of his wife in the transaction, and executed the deed to her in payment of a claim she had against the company, and also a like claim of his own; he knew that by the conveyance he and his wife were taking all the assets of the company in payment of their claims, to the exclusion of all other creditors. When questioned whether he did not know that creditors of the company would likely attack the conveyance, he disclosed an utter indifference to their rights in the matter. His reply was: "Well, but I wouldn't pay any attention to anything like that, because I supposed that the title was perfect—that Mrs. Timm had a perfect title to those lands." Though he may have supposed that he had acquired rights superior to other creditors, no such rights had, in fact, been acquired. The title in the wife was subject to the claims of creditors, for as to them, in appropriate proceedings, the transfer of the land was fraudulent as a matter of law. Taylor v. Mitchell, 80 Minn. 492, 83 N. W. 418; Minnesota L. & T. Co. v. Peteler Car Co. 132 Minn. 277, 156 N. W. 255. Taking the evidence as a whole the court was fully justified in finding bad faith.

3. This disposes of the case and results in an affirmance of the order appealed from, for we find no reversible error in any of the assignments challenging the rulings of the court. But there is a matter to which attention may be called, not covered by the assignments of error, or the motion below for an amendment of the findings, and that is the unqualified conclusion of law found by the trial court that defendants have no title, right or interest in the land, and should be ejected from

147 M.—21.

the possession of the same. The conveyance to Mrs. Timm is not a nullity, as the conclusions of law seem to hold, but voidable, and to the extent only as it may constitute an obstruction to the enforcement of the claims of creditors existing before the transfer was made. The title remains in Mrs. Timm subject to those claims. This is a suit in behalf of creditors and not one by the corporation in protection of its rights. The company is not complaining of the conveyance, and the creditors may do so only to the extent stated. 1 Dunnell, Minn. Dig. § 3905; Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 92 N. W. 340, 67 L.R.A. 865, 94 Am. St. 709; Raymond v. Hayes, 116 Minn. 403, 133 N. W. 1016; Coons v. Lemieu, 58 Minn. 99, 59 N. W. 977. We mention the point, not in modification of the findings, but to enable the parties, if the matter be deemed of sufficient importance, to avoid another appeal by application for appropriate relief to the trial court.

Order affirmed.