## JENNIE O'NEIL v. EDWARD O'NEIL.[1]

### April 8, 1921.

### No. 22,176.

**Divorce — cruel and inhuman treatment.**

1. In an action for divorce on the ground of cruel and inhuman treatment, the findings of the trial court are held sustained by the evidence.

**Division of property.**

2. G. S. 1913, § 7124, providing for a division between husband and wife, where the husband is granted a divorce, of property in the name of the wife which she acquired through the husband during the marriage, applies to the property involved in this action, acquired by the wife in the manner stated in the opinion, and a division thereof was thereby authorized.

**Finding of court sustained.**

3. The conclusion of the trial court that the wife acquired the property through the husband as a voluntary transfer, without consideration, is sustained by the evidence.

**Quaere.**

4. Whether the statute would apply to property in the name of the wife which she acquired through the husband but for a consideration paid him, or where the property was transferred to the wife by the husband to defraud creditors, quaere?

**Restoration of property to husband.**

5. Defendant's answer *held* sufficient in its allegations to present the question of his right to a restoration of property acquired by plaintiff through him, as such restoration is authorized by G. S. 1913, § 7124.

[1] Reported in 182 N. W. 438.

**Decision sustained.**

> 6. The record presents no error in the admission or exclusion of evidence, or in the findings or in the refusal to permit plaintiff to file a supplemental complaint.

Action in the district court for Meeker county for divorce. The facts are stated in the opinion. The case was tried before Daly, J., who made findings, and ordered judgment in favor of defendant and that he was entitled to an undivided one-half of certain property. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*S. R. Child* and *Sherman Child,* for appellant.

*H. H. Bonniwell* and *Sam G. Anderson,* for respondent.

BROWN, C. J.

This action was brought by plaintiff for a divorce upon the ground of alleged cruel and inhuman treatment committed upon her by defendant; defendant put in issue the allegations of mistreatment and interposed a cross-complaint charging like treatment of himself by plaintiff, and demanded a judgment of divorce in his favor, and a division of the property standing in plaintiff's name, real and personal, which he claims she acquired through him during the marriage relation. The trial court exonerated defendant from all charges of mistreatment of plaintiff, and found that plaintiff was guilty of cruel and inhuman treatment of defendant, and as conclusions of law ordered judgment in his favor (1) for an absolute divorce, and (2) for an equal division of all property standing in plaintiff's name, real and personal, which she had acquired through him subsequent to and by reason of the marriage; such division being made on the authority of G. S. 1913, § 7124. Plaintiff appealed from an order denying a new trial.

The assignments of error present the general questions: (1) Whether there was error in the admission or exclusion of evidence; (2) whether the findings of the trial court are sustained by the evidence; and (3) whether the court erred in dividing the property between the parties, the whole thereof being claimed as the sole and separate estate of plaintiff, not acquired through defendant.

1. We find no error in the admission of evidence, at least none of a character to justify a reversal of the order denying a new trial of the ac-

tion. The trial was before the court without a jury, and if it be conceded that technical error was committed in this respect, though we do not so hold, a careful examination of the record leads to the conclusion that plaintiff was in no substantial way prejudiced by any of the rulings complained of, and we pass this feature of the case without further comment. The pleadings were sufficient in form and allegations of fact to require the trial of the question of defendant's asserted right to a division of the property, and plaintiff's contention to the contrary is not sustained. The subject of the property rights of the parties is always a proper matter of inquiry in divorce actions, and it is a settled rule of pleading in this state that specific allegations in reference thereto, such as may be found in the pleadings in other actions, are not necessary. Ecker v. Ecker, 130 Minn. 472, 153 N. W. 864; Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 42 L.R.A. 419, 72 Am. St. 636. We see no reason why the rule should not apply to a claim for a division of property, as in the case at bar, under G. S. 1913, § 7124. If a case of this kind may be differentiated from one for alimony, it would seem sufficient that the pleading makes the claim to a division in general terms, without a specification of the items of property sought to be divided.

There was no error in the refusal of plaintiff's request, made at the trial, to file a supplemental complaint, therein charging an additional act of alleged cruel and inhuman treatment by defendant. The subject matter of the proposed complaint was litigated on the trial, to the same extent as though presented by the pleadings, and the evidence was considered by the court in disposing of the case.

2. The question whether the findings of the trial court are sustained by the evidence, has received careful attention. We have fully considered the record and find therein evidence sufficient to justify the trial court in finding against plaintiff on the issue of cruel and inhuman treatment; the evidence is not clearly against the findings to that effect, and we are not therefore justified in setting them aside. We do not attempt to discuss the evidence; no useful purpose would be thus served. It appears that plaintiff is 51 years of age, while defendant is some seven years her senior. They were married in 1890, and soon thereafter took up their home on a farm of which defendant had acquired title. Of 10 children born of the marriage five have died, while those yet living have grown

to maturity. Little differences between the husband and wife, commencing early in their wedded life, were multiplied and enlarged upon as time wore on, and at about the time of the commencement of this action had grown into an irreconcilable conflict to be healed and remedied only by the soothing and calming effect of a judgment and decree of divorce; a continuance of the relations of husband and wife meant to them continued disorder, conflict, ill-will, harmful alike to themselves, their children and the community in which they lived. The view of the trial court that plaintiff was the major offender, and to an extent justifying the conclusion of cruel and inhuman treatment of defendant, cannot be disturbed, and, although defendant was not wholly free from fault, the evidence will not justify interference by this court.

3. Defendant demanded, under G. S. 1913, § 7124, a division of property standing in the name of plaintiff, which he claimed she acquired through him subsequent to the marriage. The relief was granted by the court, and of that conclusion plaintiff complains. The statute provides that "in case of a divorce obtained by a husband any real or personal property to which she (the wife) procures title through her husband, not exceeding one-half thereof, may be decreed to be and belong to the husband; the court having regard to the ability, character and situation of the parties, and other circumstances of the case."

This does not give the husband an absolute right to a division of property coming to the wife through him, but the matter of division rests in the judgment and discretion of the trial court, to be granted or refused according as the facts of the particular case may require and justify in the protection of the rights and interests, as well as the comfort and welfare of both the parties. The right is made absolute by the statutes of some of the states. 19 C. J. 336 and notes. The statute on its face applies to property which comes to the wife through the husband during the marriage. Yet the title of the wife thus acquired may, by the transaction out of which it accrued, be such as to render the statute inapplicable. For instance, it is not clear that the legislature in the enactment of the law intended it to apply to property in the name of the wife, though acquired through the husband, when it was conveyed to or became vested in her for a valuable consideration paid to the husband, thus becoming her separate and independent estate. There might be some constitutional ob-

jection to the statute so construed. And it is doubtful, though the statute contains no exceptions of any kind, whether it should be held applicable to property conveyed by the husband to the wife to defraud his creditors. Bean v. Bean, 164 Ky. 810, 176 S. W. 181; Coleman v. Coleman, 147 Ky. 383, 144 S. W. 1, 39 L.R.A.(N.S.) 193. But there can be no doubt of its application to all other voluntary transfers, where the title remains in the wife at the time the divorce is granted.

The findings do not bring the case at bar within the valid transfer for a consideration paid by the wife, nor to defraud creditors, and we express no opinion as to the application of the statute to cases of that kind. 9 R. C. L. 446. And, though the court made no specific finding as to the purpose of the transfer here involved, the findings taken as a whole, in connection with the evidence, lead to the conclusion that a division of the property was ordered on the theory that the transfer to the wife was voluntary, without consideration, and to gratify a desire of the wife to hold the title. There was no request for specific findings on the question, but the record sustains the view stated as basis of the trial court's order. Ware v. Squyer, 81 Minn. 388, 84 N. W. 126, 83 Am. St. 390; Aiken v. Timm, 147 Minn. 317, 180 N. W. 234. As applied to property so acquired by the wife the statute is valid, and on the merits of the case we discover no sufficient reason for interference with the conclusion of the trial court that the property should be divided. 19 C. J. 336, § 779, et seq. The evidence, though suggestive of a purpose by the husband to delay creditors, as well as a transfer for a consideration, is not conclusive thereon.

Defendant, the husband, had acquired title to the real property prior to the marriage, though the purchase price thereof had not been paid in full. He likewise acquired title to considerable personal property prior to the marriage, the whole of which, both the real and personal property, did not exceed in value, at the time of the transfer to plaintiff, the sum of $4,000; the real property is now worth something over $24,000, and the personal property about $3,000. The personal property now on the farm, and the subject matter of the present dispute, represents, not the original articles, but the accumulations from the farming operations since the transfer to the wife on December 12, 1894, to the present time. On that date the property, both land and personal effects, was transferred to the mother of

plaintiff, under the agreement and understanding that the mother would convey to plaintiff, thus to vest title in plaintiff. In 1897 the mother conveyed to plaintiff's sister, and the sister in turn conveyed to plaintiff. Subsequent to these conveyances, the trial court found the farming operations were carried on and conducted as before the change of ownership took place. And, as stated, the personal property here involved represents the accumulations and additions to the farm, in the form of cattle and machinery and other farm utensils and effects.

Plaintiff contends that, aside from the right of defendant to a division of the land, there was no right to the personal property, for none thereof, in existence at the time of the transfer in 1894, forms any part of the present property, therefore that plaintiff did not acquire the same or any thereof through defendant. We think and so hold that the trial court properly treated the personal property, accumulated in the manner stated (Meyers v. Meyers, 88 Neb. 656, 130 N. W. 254), as having been acquired through defendant, and therefore within the statute. Plaintiff's title necessarily is founded on the transfer to her in 1897, for the record shows no other basis for her present claim of title.

This covers the case, and all that need be said in disposing of the points involved. The evidence sustains the findings, and the record presents no reversible error.

Order affirmed.