## HULDA E. WETTER v. WILLIAM F. WETTER.[1]

January 13, 1922.

No. 22,633.

Divorce—value of husband's property—amount of alimony.

> The findings of the trial court in an action by the wife for divorce on the ground of cruel and inhuman treatment as to the value of the property owned by defendant, and in other respects, and the award of permanent alimony to plaintiff, are supported by sufficient competent evidence and are sustained.

Action in the district court for Carver county for absolute divorce, alimony and the custody of the minor children. The answer alleged

[1]Reported in 186 N. W. 144.

that on September 21, 1919, in the presence of their children plaintiff assaulted defendant, without any cause or justification therefor, by striking defendant in the face and scratching him. The case was tried before Tifft, J., who made findings and granted the relief prayed for, as stated at the beginning of the opinion. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Joss, Ohman & Fryberger*, for appellant..

*W. C. & W. F. Odell*, for respondent.

BROWN, C. J.

Action by the wife for divorce on the ground of cruel and inhuman treatment, in which plaintiff had judgment of absolute divorce with alimony and suit money, from which defendant appealed.

The principal questions presented by the appeal, which do not require extended discussion, relate to the pecuniary relief granted by the judgment. The findings of cruel and inhuman treatment of plaintiff by defendant are not challenged, and our examination of the record brings to light an abundance of evidence to sustain them. Plaintiff, by her complaint, demanded judgment for the sum of $2,500, alleged to have been by her delivered to defendant from her separate property during the marriage relation, in addition to permanent alimony. The relief so demanded was granted by the court. The two questions presented are: (1) Whether the findings to the effect that plaintiff during the marriage delivered and turned over to defendant the amount of money stated from her separate property; and (2) whether the findings as to the value of defendant's property, are clearly against the evidence. We answer both questions in the negative.

It appears that the parties had been married for over 30 years, and had raised a family of 10 children. Plaintiff, as the wife, in addition to her household duties and caring for and raising this large family, did her full share of farm labor, and, by the joint efforts of the parties, defendant was able to accumulate a considerable property, both real and personal, which the court found to be of the value at the time of the trial of the action of $61,800. In respect

to this finding we have examined the record with care and find therein ample evidence to sustain the same, at least to justify the conclusion that the finding is not clearly against the evidence. The finding is strongly corroborated by an affidavit made and filed in the action by defendant in connection with plaintiff's application for suit money, wherein he gave the sum of $61,400 as the total value of the property. While the affidavit was made a considerable time prior to the trial, it was competent evidence against defendant in contradiction of his testimony on the trial, to be given such weight as the trial court deemed proper on the question of value. We find no sufficient reason for interference with the conclusion of the court in this respect.

The court gave plaintiff as permanent alimony an amount equal to one-third of defendant's property on the basis of the value so found. In view of the facts of the case, we think nothing was awarded the wife in this respect to which she was not fairly entitled. By her labor and industry she had materially and substantially aided in the accumulation of the property, and, but for the statute limiting her to one-third, much more might be given to her. But that is not important. The valuation of the property as fixed by the trial court is not against the evidence, and the question of alimony must there end.

We also find ample evidence in support of the finding that the wife contributed to the funds of the husband during the marriage the sum of $2,500. That she is entitled to have returned to her under the law of this state. O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438. She acquired the money so delivered to her husband from her father, and the suggestion of counsel for defendant that at least a part thereof was in effect a donation by the father to both is not sustained; the evidence bearing upon the point was for the consideration of the trial court in connection with all other evidence in the case. A gift to both parties is not conclusively shown.

This disposes of the case and all questions requiring mention. The findings of the trial court are sustained by the evidence, and the record presents no reversible error.

Judgment affirmed.