DEERING HARVESTER COMPANY v. PATRICK DONOVAN.[1]

January 4, 1901.

Nos. 12,244—(97).[2]

**Judgment—Motion to Vacate—Res Judicata.**

> This action was commenced and prosecuted to judgment without the knowledge or consent of the plaintiff. Certain personal property was, by the claim and delivery proceedings therein, taken from defendant, and delivered to plaintiff, which it still retains. Subsequent to the entry of the judgment, plaintiff moved the court upon affidavits to set the same and all proceedings in the action aside, on the ground that the action was so commenced and prosecuted without its knowledge or authority. *Held*, that the motion was properly denied, plaintiff not having returned or offered to return to defendant the property taken in the action. *Held*, further, that the judgment is conclusive, upon such motion, as to the right of defendant to a return of the property.

Appeal by plaintiff from an order of the district court for Sibley county, Cadwell, J., denying a motion to set aside the judgment and all prior proceedings in the action, or to strike out the name of plaintiff wherever it appears in the title and elsewhere in the papers, records and proceedings therein. Affirmed.

*Julius A. Coller* and *E. & W. N. Southworth*, for appellant.

*W. C. Odell*, for respondent.

BROWN, J.

Action in claim and delivery for the possession of a harvester and binder. The property was taken in the proceedings, and delivered to plaintiff, and plaintiff has since retained it. Defendant had judgment in the court below for the return of the property, or its value, and plaintiff subsequently moved the court, upon affidavits and the judgment roll, to set the judgment and all prior proceedings aside, on the ground that the action was commenced and prosecuted without its knowledge or consent, and was wholly unauthorized. The motion was denied, and plaintiff appeals.

The court found as a fact that the action was brought without plaintiff's knowledge or consent, but denied the motion on the

---

[1] Reported in 84 N. W. 745.     [2] October, 1900, term calendar.

ground that plaintiff had not returned or offered to return to defendant the property taken in and the subject of the action, which plaintiff still retains. The short facts in the case are that one Weibeler was the local agent of plaintiff at Belle Plaine, this state, for the sale of its harvesting machines in that territory. As such agent, with the assistance of one of plaintiff's traveling agents, it is claimed, Weibeler bargained and sold one of plaintiff's harvesters and binders to defendant, the purchase price agreed upon being $10 in cash at date of sale, a black mare, and $25 due at a future date. The machine was delivered to defendant, who paid the $10, and delivered to the agent the black mare. Not being satisfied with the mare, and claiming she did not conform to defendant's representations, the agent refused to accept her, and attempted to rescind the contract. Defendant refused to consent to a rescission, or to return the machine, and this action was brought to recover it.

Plaintiff did not authorize the commencement of the action, and knew nothing about it until after the entry of the judgment, but by means thereof obtained the possession of the machine, and has not offered to return it to defendant. The judgment awarding to defendant the return of the machine is conclusive upon the parties in so far as this motion is concerned, and plaintiff cannot, until it complies therewith, and returns it to defendant, be heard to complain of the result of the action. Plaintiff has obtained the fruits of the litigation, and, though the action was wholly unauthorized, must restore the same to defendant before the relief sought by this motion can be granted. The principle which controls the case is laid down in Anderson v. Johnson, 74 Minn. 171, 77 N. W. 26.

Counsel for plaintiff contend that the contract of sale was invalid; that defendant acquired no title to the machine; and that plaintiff, in retaining the same, is doing no wrong, and is holding only that which is its own. The question as to the validity or invalidity of the sale cannot be determined on this motion. Defendant is entitled to have that question settled in the usual way,— by trial in court before a jury, and not upon affidavits. Whether the sale was valid or invalid, the fact remains that a contract of

sale was entered into between defendant and plaintiff's agent, the machine in question was delivered to defendant in pursuance thereof, and was subsequently taken from him by the proceedings in this action, and delivered to plaintiff. The judgment orders the machine returned to defendant, but plaintiff neglects to do so, and, with the fruits of the litigation in its possession, asks to be relieved from the judgment on the ground of want of authority of its agent to commence the proceedings. There is no question but that the machine was in fact delivered to plaintiff, or its general agent, after it had been taken from defendant. It is not important what has since become if it. Defendant is in no way responsible for its present whereabouts, and should not be made to suffer because plaintiff is unable to locate it. If plaintiff cannot now return the machine because it cannot be identified or located, or for any other reason, it is its misfortune, due entirely to the misconduct and neglect of its own agent. Plaintiff learned, upon discovering the judgment, that the machine had been taken from defendant, and that a return thereof was ordered by the terms of the judgment. The suggestion, therefore, that it did not know at the time of making this motion that the machine had been delivered to its general agent, or returned to it, comes with no particular force. Inquiry of its local agent would have disclosed the fact. Burchard v. Hull, 71 Minn. 430, 74 N. W. 163; Dexter v. Morrow, 76 Minn. 413, 79 N. W. 394, and White v. Madigan, 78 Minn. 286, 80 N. W. 1125, are not in point. There was no showing in either of those cases that the principal received the benefits of the unauthorized acts of the agent.

Order affirmed.