# WILLIAM C. HERTZ v. ANNIE M. HERTZ.[1]

## June 12, 1914.

### Nos. 18,597—(131).

**Divorce — corroborating evidence.**

1. Under G. S. 1913, section 8465, providing that "divorces shall not be granted on the sole confessions, admissions, or testimony of the parties, either in or out of court," it is not necessary that the complaining party be corroborated as to each item of the testimony given in support of the complaint, but it is sufficient if the corroborating evidence tends in some degree to support and confirm the allegations relied on for divorce.

**Same.**

2. There was sufficient corroborating evidence in this case.

**Evidence of cruelty.**

3. The evidence sustains the findings of the trial court to the effect that defendant was guilty of cruel and inhuman treatment of plaintiff, and the conclusion that plaintiff was entitled to a divorce.

Action for divorce in the district court for Ramsey county. The case was tried before Olin B. Lewis, J., who made findings and ordered judgment in favor of plaintiff. From an order denying her motion for judgment notwithstanding the findings or for a new trial, defendant appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.
*George H. Gerlich, Jr.,* for respondent.

BUNN, J.

This is a divorce case in which the plaintiff husband charged cruel and inhuman treatment on the part of his wife. Defendant denied the charge; and the issues were tried by the court without a jury. The court found the charges of cruelty true, and ordered

[1] Reported in 147 N. W. 825,
126 M.—5.

judgment granting an absolute divorce. Defendant appealed from an order denying her alternative motion for judgment or for a new trial.

The assignments of error call in question the sufficiency of the evidence to sustain the findings of fact of the trial court, and its conclusion that plaintiff was entitled to a divorce.

The only witnesses who testified at the trial were the plaintiff, the defendant, and a brother of plaintiff. Each was called as a witness by plaintiff. Defendant was first called for cross-examination under the statute; she admitted that she had accused plaintiff of being out with other women, and clearly indicated her belief in the truth of her accusations. She positively denied any conduct on her own part, other than from time to time accusing defendant of spending his time with other women and pleading with him to spend it with her, that in any way tended to show cruel and inhuman treatment. The substance of plaintiff's testimony was that defendant was dissatisfied with the home that he furnished her, called him vile names, frequently accused him of running around with other women, constantly nagged him and on occasions followed him when he was out in the evening. Plaintiff testified to a course of nagging, quarreling, calling names, making charges of infidelity, that finally resulted in his becoming a nervous wreck and losing flesh. November 25, 1912, according to plaintiff, defendant refused to live with him any longer, and told him to take his trunk and leave. It appeared, however, that three days before this the parties had entered into a written agreement to live separately.

Thus far, manifestly, there was nothing but the testimony of the parties, and R. L. 1905, § 4746 (G. S. 1913, § 8465), provides that "divorces shall not be granted on the sole confessions, admissions, or testimony of the parties, either in or out of court." This was the law even in the absence of a statute. True v. True, 6 Minn. 315 (458). The admissions or confessions of a party are admissible, as is the testimony of the parties, but there must be corroboration. In Clark v. Clark, 86 Minn. 249, 90 N. W. 390, it was held that this statute does not require that the complaining party

be corroborated as to each item of the testimony given in support of the complaint, but that it is sufficient, if the corroborating evidence tends in some degree to support and confirm the allegations relied on for divorce. In that case, plaintiff's testimony was corroborated as to two of the charges of adultery alleged to have been made by defendant, and it was held that this satisfied the statute. But clearly the corroborating evidence must tend in some degree to establish the fact sought to be proved, though it need not be sufficiently weighty, standing alone, to constitute complete proof of the fact. State v. Lawlor, 28 Minn. 216, 9 N. W. 698. It is contended that the corroborating testimony in the case at bar was insufficient. Plaintiff's brother testified to frequent complaints made to him by defendant in regard to her husband's conduct, and especially in relation to his "chasing around with other women." On one occasion she came in the evening to the store conducted by plaintiff and his brother and inquired for her husband. When informed by the brother that her husband was out collecting and getting business, she declared that she knew he had gone to a place to visit a certain woman. She came to the store on numerous other occasions when her husband was not there, and accused him of being out with other women, and not attending to business. The witness corroborated plaintiff as to the effect on his health of the conduct of defendant.

The claim is made that the brother's testimony, as to the charges made by defendant against plaintiff, was not corroborating testimony, but was merely testimony as to the admissions of defendant. There is no merit in this claim. He was testifying directly to the acts of cruelty relied on by plaintiff, the false charges of infidelity. We hold that the corroborating evidence was sufficient.

Taking the testimony as a whole, we are unable to say that the findings of the trial court are not justified by the evidence. There was no attempt to show that defendant's charges were true, or that she had reasonable grounds for her evident conviction that her husband was unfaithful. Clearly, matters between this husband and wife had reached a state where living together was out of the question. The trial court had the parties before it, and decided that

defendant was to blame for this condition. The evidence supports this decision sufficiently to prevent our reversing the order refusing a new trial. The doctrine that unfounded accusations of infidelity made by a wife against a husband may constitute cruel and inhuman treatment was thoroughly established in this state by the elaborate opinion of Mr. Justice Jaggard in Williams v. Williams, 101 Minn. 400, 112 N. W. 528.

Order affirmed.