## AMANDA M. NELSON v. AUGUST NELSON.[1]

### June 17, 1921.

### No. 22,292.

**Divorce — jurisdiction over property statutory.**

1. In the absence of statutory authority the courts have no power in divorce proceedings to deal with the property rights of the parties.

**Community property not recognized in Minnesota.**

2. The doctrine of community property, as applied to the marriage relation, in force in some of the states of this country, exists only by

[1]Reported in 183 N. W. 354.

statute, has never been adopted or made a part of the law of this state, and a distribution of property in divorce proceedings cannot be made thereunder.

**No resulting trust where husband buys land in name of wife.**

3. G. S. 1913, § 6706, providing that where a grant of land is made to one person, the consideration being paid by another, no trust shall result in favor of the one making the payment, applies to a case where the husband pays the consideration and causes the title to be vested in the wife.

**Wife's title in such case absolute, when.**

4. In such case the wife, becomes the absolute owner of the land, subject only to the rights of creditors, and it cannot be taken from her in divorce proceedings, except to the extent authorized by G. S. 1913, § 7124, where a divorce is granted the husband.

Action in the district court for Hennepin county for absolute divorce, alimony and for other relief. The case was tried before Hale, J., who made findings, ordered judgment in favor of plaintiff and awarded her certain property. From the decree entered pursuant to the order for judgment, defendant appealed. Affirmed.

*L. F. Lammers,* for appellant.

*Roberts & Strong,* for respondent.

BROWN, C. J.

Action by the wife against the husband for divorce on the ground of cruel and inhuman treatment. Plaintiff had judgment and defendant appealed.

The only question presented is whether the trial court erred in refusing to assign and decree to defendant a part of the property standing in the wife's name which was acquired by the joint efforts of the parties during the marriage relation. We answer it in the negative.

The findings of the trial court of cruel and inhuman treatment are not challenged, and thereon a divorce was properly awarded to plaintiff. The facts in reference to the property and the acquisition thereof are not in dispute. It appears that the parties intermarried at Detroit, Becker county, this state in August, 1897, and for 20 or more years past have resided in the city of Minneapolis with their only child, a

daughter now about 20 years of age. Soon after taking up their residence in Minneapolis, defendant purchased a dwelling house, which has since constituted the family home, and later two vacant lots near the residence. The purchase price of both properties, aside from small contributions by plaintiff from her separate property, and her economy and savings in the management of the household affairs, was paid from the earnings of defendant. He caused the title of the property to be placed in the name of his wife and she now holds the fee simple thereto. The reasons for so vesting title in the wife are not material; whether voluntary on his part or at the earnest or other solicitation of the wife, the fact remains that she is now the legal owner of the property. G. S. 1913, § 6706.

The contention that the trial court should have made a division of the property between the parties is founded in the main on the theory that property acquired by the joint efforts of husband and wife during coverture, as here disclosed, is jointly owned by them as community property, whether placed in the name of one or both the parties. There is also the claim that since the husband in this case bought and paid for the property, placing the title in the wife at her request, a trust arose in his favor, vesting in him equitable rights to at least a share thereof, which the trial court erred in refusing to recognize. Neither contention can be sustained.

1. In the absence of statutory authority the courts have no power in divorce proceedings to deal with property rights of the parties. 19 C. J. 331. The subject is regulated by the statutory law of the several states. Provision is made by the statutes of this state for alimony to the wife, in the payment of which the property of the husband may be resorted to under order of the court, and for the restoration to her of her separate estate, also for the return to the husband of property standing in the name of the wife which she acquired through the husband during coverture, when the divorce is granted to him. G. S. 1913, § 7124, et seq. But no provision is therein found to meet a case like that at bar. O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438.

The doctrine of community property, as applied to the marriage relation, of French, Spanish or Teutonic origin, has never been adopted in this state, though it has been made by statute the law of several

other states. 21 Cyc. 1633. It was unknown to the common law of England, and exists in this country only in those states where it has been so adopted by legislation. 1 Schouler, Marriage, Divorce, Separation & Domestic Relations, § 581; 5 R. C. L. 825. This state has always firmly adhered to the rule of separate property rights of both husband and wife, with the exception and to the extent provided by the statutes cited, and the community doctrine apparently has not found favor with the lawmaking authority. The doctrine therefore has no application to the case at bar, and the learned trial court did not err in refusing defendant relief thereunder.

2. Equally untenable is the further contention that defendant has certain equitable interests in the property, arising from the fact that he paid the purchase price thereof, placing the title in the wife at her request, and which, as defendant claims, she now holds in trust for his benefit. The point is disposed of adversely to defendant by G. S. 1913, § 6706, wherein it is provided that, when a grant of land for a valuable consideration is made to one person, the consideration being paid by another, no trust shall result in favor of the one making the payment, and that the title in such case shall vest in the person named as grantee, subject only to the claims of creditors. The statute is unqualified, except as to creditors, and applies to a conveyance of property to the wife, where the husband pays the consideration precisely as it applies to other persons. Chapman v. Chapman, 114 Mich. 144, 65 N. W. 215, 72 N. W. 131. The statute and the cases construing it will be found cited in Anderson v. Anderson, 81 Minn. 329, 84 N. W. 112.

This disposes of the case and the points made in support of the appeal, and leads to the conclusion that the learned trial court correctly refused defendant's claim to a division of the property in question.

Judgment affirmed.