## MARY SCHNEIDER v. GEORGE S. GRIMES, SPECIAL ADMINISTRATOR OF THE ESTATE OF JULIUS SCHNEIDER, DECEASED, AND OTHERS.[1]

June 1, 1923.

No. 23,411.

**Judgment entered in divorce action after death of defendant affects property rights.**

1. In an action for a divorce and to recover alimony, where a trial was had and an order filed granting plaintiff a divorce and allowing her permanent alimony, to become a lien on defendant's property unless paid within 5 days, and no formal judgment was entered upon the order, *held* that judgment entered after the death of the defendant nunc pro tunc, was proper insofar as it affects the property rights of the parties.

**Estoppel against former wife.**

2. Where an action for a divorce and alimony was tried and an order filed allowing the relief asked for, plaintiff receiving and retaining the alimony, where no formal judgment was entered upon the order and the parties ever after lived separate and apart, holding themselves out to the world as having been divorced, the plaintiff is estopped from asserting any further claim to the defendant's property.

Ottilia D. Brady and others petitioned the district court for Hennepin county for substitution of parties defendant in a divorce action. The matter was heard before Hale, J., who granted the petition and ordered judgment granting plaintiff an absolute divorce. From the judgment entered on August 29, 1922, nunc pro tunc as of March 23, 1912, absolutely divorcing plaintiff from Julius Schneider, deceased, Mary Schneider appealed. Affirmed.

*George M. Bleecker*, for appellant.

*George S. Grimes* and *Mead & Bryngelson*, for respondents.

[1]Reported in 193 N. W. 942.

QUINN, J.

The plaintiff brought this action in October, 1911, to procure an absolute divorce from her husband, Julius Schneider, upon the ground of cruel and inhuman treatment, and to recover permanent alimony, attorney's fees and suit money. The suit was contested and on March 19, 1912, the court filed an order granting plaintiff an absolute divorce, decreeing her $500 as permanent alimony, which was made a lien on the defendant's property unless paid within 5 days, $25 attorney's fees and $10 suit money. These items were paid to her within the time specified and she filed receipts therefor. Judgment was not then formally entered upon the order. The parties never lived together thereafter. They each supposed that the judgment was properly entered at the time of the payment of the alimony and that they were legally divorced. The defendant Julius Schneider died a resident of Hennepin county, May 9, 1922. The respondent, George S. Grimes, was duly appointed special administrator of decedent's estate May 29, 1922.

In June, 1922, a petition was duly filed asking that respondents be substituted as defendants in the action, to the end that judgment be entered upon the order dated March 19, 1912, nunc pro tunc. The application was granted and the respondents named herein were duly made and constituted parties defendant for the purposes stated in the application. It was further ordered that judgment be entered nunc pro tunc granting plaintiff an absolute divorce and discharging the real estate and property of the defendant from the lien provided in the findings and order for judgment for permanent alimony filed herein on March 19, 1912.

It is apparent that the purpose of this suit was two-fold: First, to obtain a decree of absolute divorce; and second, to have plaintiff's rights to her husband's property litigated and determined. As a result of the litigation she obtained an order giving her an absolute divorce and concededly one-third of her husband's property as alimony, together with attorney's fees and suit money. These amounts she has received and retained. Through some inadvertence judgment was not entered at the time of the payment of the alimony.

The regularity of entering judgment granting an absolute divorce after the death of the defendant is doubtful. A judgment so entered, to say the least, is ineffectual for the purpose of granting a divorce, the husband's death having terminated the marital relations. But the substitution of the respondents as defendants in the action and the direction that judgment be entered upon the order of March 19, 1912, nunc pro tunc, is regular and effective insofar as it relates to the property rights of the parties to the action. While technically speaking the divorce was not complete until judgment was entered, in a practical sense it was just as effective. The parties thereto understood that they were legally divorced, lived separate and apart from one another and held themselves out to the world as having been divorced. Plaintiff's rights in and to her husband's property were fully litigated and determined upon the trial of the cause. It was at her instance. She received and has since retained one-third of the property which he then owned. Under these circumstances the plaintiff is estopped from recovering any further portion of the defendant's estate. It follows that the judgment appealed from is valid and effective insofar as it relates to the property rights of the defendant.

Affirmed.