## HILMA NARVA v. AUGUST NARVA.[1]

### April 16, 1926.

### No. 24,954.

**Wife obtained title to property through her husband.**

1. The finding that plaintiff procured title through her husband to real and personal property of the value of more than $5,000 is sustained by the evidence.

**Though such property be converted into other property, part of such other property may be decreed to husband.**

2. G. S. 1923, § 8598, provides that, where the husband obtains a divorce, not more than one-half the property procured by the wife through him may be decreed to him. *Held* that, where the property received through the husband has been converted into other property, a part of such other property may be decreed to him.

Divorce, 19 C. J. p. 336 n. 91.

---

See notes in 34 L. R. A. 643; 25 L. R. A. (N. S.) 234; 9 R. C. L. p. 445.

Action in the district court for St. Louis county for divorce. There was a cross complaint for divorce and division of property. The case was tried before Fesler, J., who granted defendant an absolute divorce and certain money or property. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*Victor H. Gran, O. J. Larson* and *George B. Sjoselius,* for appellant.
*Jenswold, Jenswold & Dahle,* for respondent.

TAYLOR, C.

The plaintiff and the defendant were married in 1913. Plaintiff brought this action for a divorce in 1924. Defendant interposed a cross-complaint in which he asked for a divorce and for a division of the property, the title to all of which stood in the name of plaintiff. The court found that the charges made by plaintiff against

[1]Reported in 208 N. W. 643.

defendant were not true and that the charges made by defendant against plaintiff were true, and further found that during the marriage defendant had furnished money to plaintiff which ·

"together with money which the plaintiff realized from sales of property which she owned prior to said marriage, the plaintiff invested in real and personal property and took the title thereto in her own name and now so holds the same. That the money so given by defendant to plaintiff and so used by plaintiff amounted to a sum in excess of $5,000.00, and the plaintiff thereby procured title in her name to real and personal property of the value of more than $5,000.00 through the defendant as her husband."

The court directed that judgment be entered granting defendant an absolute divorce from plaintiff, and also giving defendant $2,500 in money, or in lieu thereof property held by plaintiff of that value, the items to be determined upon and designated at a further hearing for that purpose. Plaintiff appealed from an order denying a new trial, but does not question the granting of the divorce, but only that part of the decision decreeing a portion of the property to defendant.

At the time of the marriage plaintiff held a mortgage for $1,000 and also had a contract for the purchase of a house and lot upon which she had paid about $900. Defendant had something over $800. He was a salesman for the Singer Sewing Machine Company and remained continuously in that employment throughout their married life. His earnings over and above his expenses were turned over to plaintiff. She invested and reinvested the proceeds from her own property together with the funds received from defendant to such good effect that at the time of the trial she had real and personal property of the value of $21,000. Defendant had no property whatever; it was all in the name of plaintiff. The evidence justified the court in finding that defendant furnished at least $5,000 of the money invested in plaintiff's property.

The statute provides:

"In case of a divorce obtained by a husband any real or personal property to which she (the wife) procures title through her husband, not exceeding one-half thereof, may be decreed to be and belong to

the husband; the court having regard to the ability, character and situation of the parties, and other circumstances of the case." G. S. 1923, § 8598.

Plaintiff states her contention thus:

"This statute has reference only to property, the title to which has been vested in the husband and then transferred by him to the wife,"

and insists that it does not apply to any of the property now owned by her, for the reason that the title was acquired from others and did not pass through defendant. We think the statute cannot be given such a narrow construction. We see no reason for saying that it applies if the specific property received from or through the husband has been retained, but does not apply if such specific property has been converted into other property. Where property received from or through the husband, whether in the form of money or in some other form, has been converted into other property or its proceeds used to acquire other property, we think that such other property or so much thereof as represents and stands in the place of that received from or through the husband, is within the operation of the statute.

The statute was under consideration in O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438, and the conclusion there reached is in accord with the above view. In that case a farm and the personal property thereon had been conveyed from the husband through third parties to the wife. The court said:

"The personal property now on the farm, and the subject matter of the present dispute, represents, not the original articles, but the accumulations from the farming operations since the transfer to the wife. * * * Plaintiff contends that * * * there was no right to the personal property, for none thereof, in existence at the time of the transfer in 1894, forms any part of the present property, therefore that plaintiff did not acquire the same or any thereof through defendant. We think and so hold that the trial court properly treated the personal property, accumulated in the manner stated

(Meyers v. Meyers, 88 Neb. 656, 130 N. W. 254), as having been acquired through defendant, and therefore within the statute."

The industry of counsel has not succeeded in finding any case construing a statute identical with ours. The Wisconsin statute which, among other things, provides that the court may divide between the parties "so much of the estate of the wife as shall have been derived from the husband" is the nearest to our statute, so far as it bears upon this point, of any to which our attention is called. This statute was construed to include the enhancement of the value of the wife's property by money and labor put into it by the husband. Martin v. Martin, 167 Wis. 255, 167 N. W. 304. See also 19 C. J. 336.

Nelson v. Nelson, 149 Minn. 285, 183 N. W. 354, is cited as lending support to plaintiff's contention. That case was not within the statute, for the divorce was granted to the wife, not to the husband. There was no claim that the statute applied, and its effect was not considered or discussed. The claim of the husband was predicated upon the doctrine of community property and the doctrine of resulting trusts, and the court held that the former had never been adopted in this state and the latter had been abolished by statute so far as it affected that case.

We are of opinion that the learned trial court reached the correct conclusion and its order is affirmed.