## ELISABETHA ANDERS v. JOHN ANDERS.[1]

### March 18, 1927.

### No. 25,815.

**Judgment of divorce nunc pro tunc after death of husband improper in this case.**

Under the facts stated in the opinion an order should not have been made directing the filing of findings of fact and conclusions of law and entry of judgment nunc pro tunc after the death of one of the parties.

Divorce, 19 C. J. p. 161 n. 38.

Plaintiff appealed from an order of the district court for Ramsey county, Orr, J., refusing to set aside an order directing the entry of judgment nunc pro tunc. Reversed.

*Warren Newcome,* for appellant.

*Kueffner & Marks,* for respondent.

DIBELL, J.

This is an appeal from an order of the district court of Ramsey county refusing to set aside an order dated June 29, 1926, directing the filing of findings of fact and conclusions of law and the entry of judgment nunc pro tunc as of March 20, 1922.

The plaintiff and John Anders, the original defendant, were married in Switzerland in 1899. Anders came to St. Paul some time prior to 1912, the exact date not shown. In that year the plaintiff came to St. Paul. Anders was living with Marie Lauges as his wife. The plaintiff returned to Switzerland, and again came to the United States in 1921. Anders and Marie Lauges were then living together as husband and wife. Plaintiff commenced divorce proceedings against her husband on the ground of adultery. The arrangement for the getting of a divorce was a friendly one. According to the plaintiff's affidavit her husband agreed to pay the ex-

[1]Reported in 213 N. W. 35.

penses, and give her $1,000 by way of alimony, and employment at $30 per month. The case was tried on default on May 20, 1922. The minutes of the court show that on that day witnesses were sworn. At the end is this memorandum: "Decree of divorce granted plaintiff." In the register of actions on the same day there was an entry, "Divorce granted." No findings of fact nor conclusions of law were made.

Anders died on April 25, 1926. A petition was made to the probate court for administration. It was then discovered that no divorce had been entered. This left the plaintiff a beneficiary of the estate. The attorney for the plaintiff in the divorce suit made an affidavit of the facts, and asked that findings of fact and conclusions of law be made and filed and judgment entered nunc pro tunc as of March 20, 1922. An ex parte order to that effect was made. The application was not made at the instance of the plaintiff nor with her knowledge and was to the advantage of those claiming adversely to her. Later she moved to set aside the order, the motion was denied, and this appeal followed.

We have held that when the trial of a divorce case is completed, and nothing remains to be done but the formal entry of judgment by the clerk, the death of one party does not prevent an entry nunc pro tunc. Tikalsky v. Tikalsky, 166 Minn. 468, 208 N. W. 180, where the cases are collected and discussed; Schneider v. Grimes, 156 Minn. 25, 193 N. W. 942. In both these cases findings of fact and conclusions of law had been made and filed. There was no uncertainty as to the precise terms of the decree and no further action of the trial judge was necessary. The decree might have been entered at any time by the clerk in the performance of a ministerial duty. This is not such a case. Judgment could not have been entered on March 20, 1922, on the minutes of the court or the entry in the register of actions. The terms of the decree were not fixed, and findings of fact and conclusions of law were necessary.

On December 16, 1922, following the divorce Anders entered into a ceremonial marriage with Marie Lauges. There is no impelling equity in her favor. If the divorce is sustained the marriage of

December 16, 1922, is valid, and the woman Anders a few months later married will be an heir. She and the defendant had been living as husband and wife for many years. There are no children. The alimony of $1,000 was never paid the plaintiff. She has never been paid the $30 per month which she was to receive. If it is ever proper to enter a decree nunc pro tunc without the making of findings and conclusions, before the death of one of the parties, this is not such a case.

Order reversed.