# IN RE PETITION OF CHARLES WIPPER TO PERFECT TITLE TO REAL ESTATE.[1]

January 11, 1929.

No. 27,010.

*E. Luther Melin*, for appellant.
*Martin A. Hogan*, for respondent.

STONE, J.

In this proceeding the controversy is between Charles Wipper and his former wife, Amelia Wipper. Mrs. Wipper procured a divorce

[1]Reported in 222 N. W. 922.

from the petitioner in 1927 by the decree hereinafter referred to. Thereafter Mr. Wipper petitioned the district court of Hennepin county for an order directing the registrar of titles of that county to issue the new certificates necessary formally to perfect his title to certain real estate as the same had been fixed by the decree of divorce. That petition was granted, but the proceedings were stayed and reopened so as to afford Mrs. Wipper a hearing upon certain objections interposed by her. She appeals from an order which denies the relief she sought and in effect grants that asked for in her former husband's petition.

The findings and decree in the suit for divorce awarded the wife $2,000 as alimony. It was made payable in cash or, at the option of Mrs. Wipper, by her taking a certain residence property. That property apparently was considered worth $4,000 over and above the encumbrance on it, and it was decreed that Mrs. Wipper might take and have it as her own if she should pay her husband, the present petitioner, $2,000. She has exercised the option given her, and so, under the terms of the decree of divorce and by virtue thereof, has and retains title to the property.

By other terms of the decree, Mr. Wipper, defendant in the divorce action, was given the "absolute title" to other real estate. Two of the lots, the title to which was so vested in him, are the property now in controversy. It is the claim of Mrs. Wipper that these lots do not belong to her former husband absolutely, but that she and he own the same as joint tenants, and that, although the divorce decree purports to vest the title in Mr. Wipper, it is to that extent void for lack of jurisdiction. In other words, the position of Mrs. Wipper, in objecting to her husband's application for new certificates of title, is in substance a collateral attack upon the divorce decree in so far as the latter, as she claims, attempts to divest her of her interest in the lots now in question.

Mrs. Wipper's objection is based upon G. S. 1923, § 8598, which, so far as now material, provides:

"Whenever a divorce is granted from the bonds of matrimony for any cause, except adultery committed by the wife, or from bed and

board * * * the wife shall be entitled to the immediate possession of all her real estate."

The argument is that this statute deprives the district court of jurisdiction to take any real estate from the wife and vest it in the husband. It is said in argument that the husband "testified in the divorce action that he owned the whole of these two pieces of property and for that reason secured the decree, decreeing that his wife had no interest in said two lots," whereas the fact is now asserted to be that he and his wife own that property as joint tenants. Assuming all that is so claimed, the fact remains that, where the issue is tendered by the pleadings in a divorce action or where it is litigated by consent, the court may determine the rights of the parties, husband and wife, in the property claimed by either of them and, when such an issue is so litigated and one or the other is adjudged the owner of certain property—where, as here, one or the other is found to be vested with the "absolute title" to it—that ends the matter, unless the judgment is reversed or modified on appeal. There has been no reversal or modification of the judgment here controlling. It stands as the judicial determination of property rights made between these parties on issues voluntarily litigated by and between them and resulting in a judgment, from which neither of them has appealed. So the argument for Mrs. Wipper is reducible to the proposition that the judgment, so far as it affects the two lots in question, is not without jurisdiction but rather and only erroneous. Therefore it is not open to the collateral attack now made upon it. The exclusive method of correcting error is by appeal.

■ There is another objection fatal to Mrs. Wipper's claim, and that is that the judgment to which she objects conferred upon her an affirmative and substantial benefit, which she has accepted and retains. By reason of one of its terms, she has acquired title to certain real estate, which at the time of the divorce belonged to her husband. Therefore it is not permissible for her to affirm, as she does, the validity of the judgment in so far as it vested the title of her husband's property in her, and at the same time deny its

validity to the extent that it has given her husband the title to property which formerly was hers. Although not strictly a part of the doctrine of estoppel by judgment, there is a rule closely analogous thereto, "which forbids a party to assume successive positions, in the course of a suit or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other or mutually contradictory." 2 Black, Judgments (2 ed.) § 632. That rule was applied here in Thomas v. Joslin, 36 Minn. 1, 2, 29 N. W. 344, 1 A. S. R. 624, where a judgment for the specific performance of a contract for the sale of real estate was held a bar to another action by the same plaintiff to reform the contract and to enforce it as reformed. The court said:

"The written contract was imperfect, but the plaintiff chose to rest a suit upon it as it was, and the judgment in the case, until set aside, was mutually binding upon the parties to it, and final as respects the merits of plaintiff's claim, notwithstanding mistakes and omissions in the proceedings, or the failure on the part of either party to make a full presentation of his case by the proper allegations and proofs."

So here, it must be said that the judgment in the divorce action, so far as it affects the property rights of the parties as between each other, is mutually binding upon them, notwithstanding any failure on the part of either to make a full presentation of his case by the necessary allegations and proofs, to assert and protect his rights, whatever they were. Thomas v. Joslin, 36 Minn. 1, 29 N. W. 344, 1 A. S. R. 624, was considered decisive and its doctrine reaffirmed in Eder v. Fink, 147 Minn. 438, 180 N. W. 542. See also 21 C. J. 1228; 2 Dunnell, Minn. Dig. (2 ed.) § 3218, where, citing Deering Harvester Co. v. Donovan, 82 Minn. 162, 84 N. W. 745, 83 A. S. R. 417, it is said that "one cannot at the same time contest proceedings and enjoy the fruits thereof." That disposes of this case, for the appellant is enjoying the very substantial fruits of the divorce decree while attempting to deny to respondent his share of the fruits of that judgment.

Order affirmed.