## AMELIA WILDE v. HARRY M. WILDE.[1]

April 12, 1929.

No. 27,259.

[1]Reported in 224 N. W. 852.

190

*Henry H. Bank* and *Schwartz & Halpern,* for appellant.

*Ossanna, Schmauss & Burke* and *Eugene J. Culhane,* for respondent.

Olsen, C.

By the judgment appealed from plaintiff is granted a divorce from the defendant on the ground of cruel and inhuman treatment. In the findings of fact, conclusions of law, and judgment it is further found and decreed that plaintiff is the owner in fee of two described lots in Minneapolis, and the equitable owner, as vendee under a contract for deed, of another parcel of land, consisting of one lot and the adjoining parts of three other lots in said city, constituting her homestead. The conclusions of law and judgment then provide that the plaintiff shall pay to the defendant the sum of $2,500 "in lieu of all alimony to or from either party, both past and future." This sum of $2,500 is then made a specific lien upon all the real property above mentioned, owned by the plaintiff. It is then pro-

vided that unless plaintiff pays this sum and interest thereon before a stated date the real estate shall be sold by the sheriff to pay the same. The court further fixed the amount of attorney's fees for plaintiff's counsel and provided that plaintiff pay $700 thereof, which by·the judgment was made a second lien upon her real estate. Defendant is required to pay an additional $300 as fees to plaintiff's counsel, to be paid when plaintiff pays the $2,500 to defendant.

■ There is no settled case, and our review is limited to the record presented. There are no findings that the defendant has any legal or equitable title or interest in the real estate or property of the plaintiff, or that·he contributed anything to the purchase thereof, or that plaintiff procured title thereto through or from defendant. So far as appears, plaintiff acquired her property through her own industry and business activities. There is a finding that "defendant's interest in the accumulation of property is small. The court finds that the sum of twenty-five hundred ($2,500) dollars is a generous allowance in view of the facts found." There is a further finding that defendant has earned wages and made money but has spent his earnings for his own use; that he worked up a business for himself and in so doing took away from plaintiff a large part of the business she had established; that he has at this time a substantial income from the business so established by him. The findings of fact furnish no ground for any award to the husband or any lien on or division of the property.

The case of Nelson v. Nelson, 149 Minn. 285, 183 N. W. 354, treats quite fully the questions presented. The facts in that case were much stronger in favor of a division of the property or an allowance to the husband. There the husband had paid for the property out of his own earnings, except for small contributions by the wife. It was held that in the absence of statutory authority the courts have no power to deal with the property rights of the parties in a divorce action; that the doctrine of community property has never been adopted in this state; that the only authority for awarding or restoring property to a husband in a divorce case is that found in G. S. 1923 (2 Mason, 1927) § 8598, and that this is limited to cases

where the divorce is granted to the husband. The court further held that the fact that the husband had paid the consideration for the property, conveyed by third parties to the wife, gave him no such equitable interest therein as to authorize awarding the property to him, or a division thereof, upon the granting of a divorce to the wife.

The case of O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438, points out limitations to the division of property even in cases where the divorce is granted to the husband. On the facts in our present case, it does not appear that there would be sufficient support for an award to the husband even if the divorce had been granted to him.

In the case of Narva v. Narva, 167 Minn. 80, 208 N. W. 643, it is again pointed out that the statute authorizes a division or restoration of property to the husband only in cases where the divorce is granted to him.

The recent case of In re Petition of Wipper, 176 Minn. 206, 222 N. W. 922, does not change or modify the prior decisions. The findings of fact in the divorce case there in question were that the husband was the owner of all the real estate involved. No property belonging to the wife was awarded to the husband. On the contrary, there was awarded to the wife, as alimony, property which the court found was owned by the husband. In the later Torrens title proceeding, the wife set up a claim that she was in fact a joint owner of property which the court, in the divorce action, had found and adjudged was the sole property of the husband. The judgment in the divorce action had not been appealed from, reversed or modified, and the wife was held bound and barred thereby. The Wipper case, 176 Minn. 206, 222 N. W. 922, goes only to the extent of holding that when issues of title or ownership of real property are tried and determined in a divorce case and one or the other of the parties is found and adjudged to be vested with title thereto, the judgment so determining, unless reversed or modified, ends the matter and is conclusive on the parties the same as any other judgment.

■ An action was brought by the defendant against this plaintiff, alleging that they were partners in business and asking that the

partnership be dissolved and a receiver be appointed to wind up its affairs. It is stated that this action was "consolidated" with the divorce action and the two actions tried as one. Part of the records, but not the evidence, in the partnership action, are presented as supplemental records on this appeal. Assuming, but not deciding, that these supplemental records are properly before this court, we find nothing therein to sustain defendant's contention that the partnership action furnished a basis for the award and lien granted defendant in the divorce action. Separate findings of fact and conclusions of law were made and judgment entered in the partnership case. The findings and judgment therein were wholly in favor of the defendant in that action, who is the plaintiff in the present divorce case. The most that can be gathered from the records is that the two cases were tried together, with separate decisions and judgments to be entered. This would be usual practice.

■ There is no direct assignment of error challenging the part of the judgment requiring the plaintiff to pay $700 fees to her own attorney and granting him a lien upon her property to secure payment thereof; but these provisions are so closely linked with the provisions for the award and lien to defendant and the payment of $300 fees by defendant that this part of the judgment should not remain standing when the other provisions referred to are eliminated.

■ What has been said as to the findings of fact and conclusions of law in this case has reference to the amended findings of fact and conclusions. In the original findings and conclusions there was included the provision that plaintiff pay to the defendant the sum of $2,500, but same was not made a lien upon her property and no provision was made for a sale thereof. The original findings also provided that plaintiff should pay her attorney $700 and defendant pay to such attorney $300, but did not grant the attorney any lien nor condition the payment of the $300 by defendant upon the payment to him of the $2,500. The amended findings and conclusions must be held to take the place of the original. After the amended findings and conclusions were made, plaintiff moved that

they be vacated and the original findings and conclusions be reinstated or substituted. The motion was denied. The order denying that motion was not appealable. The fact that by such motion the plaintiff asked for less relief than she was entitled to should not be held to limit her relief on this appeal from the judgment. The finding, stated as a finding of fact, that $2,500 "is a generous allowance in view of the facts found," is a conclusion of law, not based on any facts found, and should be so treated.

The case is remanded to the district court, with directions to amend its amended conclusions of law by striking therefrom the conclusion embodied in finding of fact No. 10, and striking out all of paragraphs or sections numbered 4 and 5 of the conclusions of law, being all thereof after the end of the section or paragraph numbered 3 down to the direction for entry of judgment. The court is likewise directed to amend the judgment by striking out therefrom all of the sections or paragraphs numbered 4, 5, 6 and 7, being all thereof after the end of section or paragraph numbered 3.

