# CELESTIA D. JAMES v. WILLIAM W. JAMES.[1]

January 17, 1930.

No. 27,674.

*W. E. Hottinger,* for appellant.

*H. L. & J. W. Schmitt,* for respondent.

[1] Reported in 229 N. W. 128.

DIBELL, J.

Action for a divorce on the ground of desertion.

The defendant answered the complaint, denying plaintiff's right to a divorce, and interposed a cross-bill or counterclaim alleging cruel and inhuman treatment on the part of the plaintiff. There were findings denying the plaintiff relief, granting the defendant a divorce, and dividing the property of the parties. The plaintiff appealed from an order denying her motion for a new trial.

■ In his answer alleging cruel and inhuman treatment the defendant did not in his prayer for relief ask a divorce. Later and before findings he moved to amend his answer by inserting a prayer for a divorce, and the motion was granted. For this error is assigned.

The claim is without merit. The plaintiff knew the claim made. The issue of cruel and inhuman treatment was tried. No one could examine the pleadings without understanding that the defendant was wanting a divorce on the ground of cruel and inhuman treatment, and the plaintiff and her counsel knew that was an issue being tried. See 5 Dunnell, Minn. Dig. (2 ed.) § 7537. There was no impropriety in the amendment. The plaintiff's idea probably was that if she could prevent a divorce there could not be a division of property such as is referred to in paragraph 4.

■ The evidence would justify a finding that the plaintiff drove the defendant from the house, and the trial court's finding that there was no desertion by the defendant is sustained.

■ The evidence sustains the trial court's finding that the plaintiff was guilty of cruel and inhuman treatment justifying a divorce. Defendant was 78 years old at the time of the trial and plaintiff was 66. They had been married ten years. Both had been married before and each had children by a former marriage. There was evidence that the plaintiff persistently nagged the defendant, denied him the comforts of his home, persistently dominated the household and his property affairs, threatened him with bodily harm, humiliated him, refused to allow his children to see him, and because of continued ill usage he became sick and needed medical and surgical

treatment,· which she thwarted rather than helped him in getting. Her systematic ill treatment of him justified a finding of cruel and inhuman treatment. 2 Dunnell, Minn. Dig. (2 ed.) § 2778.

■ The court decreed to the defendant one-half of certain property the title to which was procured by the plaintiff through the defendant. The evidence justified a finding that it was so procured and the statute warranted the disposition made. G. S. 1923 (2 Mason, 1927) § 8598; Narva v. Narva, 167 Minn. 80, 208 N. W. 643; O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438; 2 Dunnell, Minn. Dig. (2 ed.) § 2799a.

Order affirmed.

WILSON, C. J. took no part.