## OLIVE A. SWANSON v. WILLIAM SWANSON.[1]

February 6, 1931.

No. 28,280.

[1]Reported in 234 N. W. 675.

*E. Luther Melin,* for appellant.
*John A. Nordin,* for respondent.

DIBELL, J.

The plaintiff brought an action for divorce upon the ground of cruel and inhuman treatment. The defendant counterclaimed upon the same ground. There were findings that the defendant was not guilty of cruel and inhuman treatment of the plaintiff, and that the plaintiff was guilty of cruel and inhuman treatment of the defendant. Judgment granting a divorce was entered for the defendant, and the decree fixed their property rights. The plaintiff appealed. Pending the appeal the defendant died. Gerald W. Swanson, special administrator of the defendant appointed by the probate court, was substituted in his place in this court.

The evidence is in conflict. It is unnecessary to review it. The court might have found for the plaintiff or for the defendant. There is sufficient evidence of cruel and inhuman treatment by both though not largely by way of physical mistreatment. There is no criticism of the finding. James v. James, 179 Minn. 266, 229 N. W. 128; Brodsky v. Brodsky, 172 Minn. 250, 215 N. W. 181; Tschida v. Tschida, 170 Minn. 235, 212 N. W. 193; Williams v. Williams, 101 Minn. 400, 112 N. W. 528; Hertz v. Hertz, 126 Minn. 65, 147 N. W. 825; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2778.

By G. S. 1923 (2 Mason, 1927) § 8598, it is provided:

"In case of a divorce obtained by a husband any real or personal property to which she procures title through her husband, not exceeding one-half thereof, may be decreed to be and belong to the husband; the court having regard to the ability, character and situation of the parties, and other circumstances of the case."

The trial court found upon sufficient evidence that the wife procured title to certain property of the value of $10,000 or $11,000 through her husband, and decreed a portion less than one-half of it

494

to the defendant. The decree was within the terms of the statute, and there is no error in it. O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438; Nelson v. Nelson, 149 Minn. 285, 183 N. W. 354; Narva v. Narva, 167 Minn. 80, 208 N. W. 643; James v. James, 179 Minn. 266, 229 N. W. 128; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2799a.

When one party to a divorce action dies after the judgment and pending the appeal, and property rights are affected by the judgment, the personal representative of the decedent will be substituted and the judgment will be reviewed. Here the plaintiff and the defendant by the decree each received a portion of the real property in the name of the wife which came from the husband. The apportionment of the property was dependent upon the granting of a divorce to the defendant. The propriety of the divorce is properly reviewed. Strickland v. Strickland, 80 Ark. 451, 97 S. W. 659; Craig v. Craig, 110 Kan. 13, 202 P. 594; Coffman v. Finney, 65 Ohio St. 61, 61 N. E. 155, 55 L. R. A. 794; Nickerson v. Nickerson, 34 Or. 1, 48 P. 423, 54 P. 277; Downer v. Howard, 44 Wis. 82; 1 C. J. p. 208, § 404, pp. 169, 171, § 289; Keezer, Marriage & Divorce (2 ed.) § 436; 2 Schouler, Marriage, Divorce & Separation (6 ed.) § 1677.

Judgment affirmed.

