FLORENCE B. HUTSON v. ROBERT B. HUTSON.[1]

March 17, 1939.

No. 31,967.

*Herbert T. Park*, for appellant.
*Coursolle, Preus & Maag*, for respondent.

LORING, JUSTICE.

In a suit for divorce on the ground of cruel and inhuman treatment the plaintiff obtained a decree. It provided that she have absolute title to the homestead, subject to a $1,300 lien in favor of the defendant.

At the time the parties were married the plaintiff had from $17,000 to $20,000 invested principally in mortgages. The defend-

[1]Reported in 284 N. W. 780.

ant was then earning about $140 a month and had about $600 in the bank. They were married April 1, 1925, and this suit was commenced in August, 1937. During that period the wife's funds and some small contributions made by the defendant were so wisely invested that they were more than doubled. They were always invested in the name of the wife except that the parties were joint tenants of the homestead, toward which the wife had made a contribution of $2,700 and the husband only $1,300.

The grievance of the husband here is that the court did not award him part of the property standing in his wife's name. The defendant in his answer, although denying the cruelties charged against him, prayed that the plaintiff be granted an absolute divorce and that she be required to account to him for the property in her possession which he claimed they owned jointly. The court, relying upon Nelson v. Nelson, 149 Minn. 285, 183 N. W. 354, refused to deal with the separate property rights of the parties. The defendant contends that so far as their property was concerned they were either engaged in a joint adventure or were in partnership.

In the case of Nelson v. Nelson, 149 Minn. 285, 287, 183 N. W. 354, 355, this court, speaking through Chief Justice Brown, held:

"In the absence of statutory authority the courts have no power in divorce proceedings to deal with property rights of the parties. * * * Provision is made by the statutes of this state for alimony to the wife, in the payment of which the property of the husband may be resorted to under order of the court, and for the restoration to her of. her separate estate, also for the return to the husband of the property standing in the name of the wife which she acquired through the husband during coverture, when the divorce is granted to him." 2 Mason Minn. St. 1927, § 8598.

In the Nelson case the wife obtained the divorce, and the husband sought a division of the property standing in the wife's name which he claimed had been acquired by the joint efforts of the parties. The court denied him any relief, and that case is controlling here. The defendant cannot by demanding an accounting

or making allegations of joint enterprise or partnership convert the divorce proceeding into any other form of suit, nor do we hold that he is or would be entitled to relief in any suit. That question is not before us.

The appellant relies on In re Petition of Wipper, 176 Minn. 206, 222 N. W. 922. That case was an appeal from an order of the district court denying Mrs. Wipper's motion to vacate and set aside an order requiring the registrar of titles to issue his certificate to perfect the title of her husband to certain property in conformity with the provisions of the decree of divorce between the parties by which decree the husband had been awarded absolute title to certain lots which had been held in joint tenancy by the husband and wife during the marriage. This court held that her petition was in substance a collateral attack upon the divorce decree, under which she had accepted benefits, and that she could not at the same time contest proceedings and enjoy the fruits thereof. The case does not support the appellant's theory.

The judgment and decree of the trial court is affirmed.

MR. JUSTICE HILTON, incapacitated by illness, took no part.