## FLOY WEGGE v. HENRY WEGGE.

89 N. W. (2d) 891.

April 18, 1958—No. 37,305.

*Neumeier, Rheinberger & Eckberg,* for appellant.
*Hoffmann, Donahue, Graff, Schultz & Springer,* for respondent.

287; Robinson v. Belmont-Buckingham Holding Co. 94 Colo. 534, 31 P. (2d) 918.

NELSON, JUSTICE.

Plaintiff brought an action for absolute divorce on the statutory grounds of cruel and inhuman treatment. After the matter was heard, the trial court found in favor of plaintiff, granting her an absolute divorce from defendant. Defendant moved to amend the findings or, in the alternative, for a new trial, which motion for a new trial was denied. Defendant appeals from the order.

On January 17, 1958, while this appeal was pending, plaintiff died in Washington County, Minnesota, the death certificate being made a part of the record herein. Defendant now seeks an order remanding the case to the trial court for dismissal.

No judgment of divorce has ever been filed in this action. It appears that when the appeal herein was taken defendant obtained and filed with the clerk of the district court a supersedeas bond. The defendant had until January 23, 1958, to file his printed record and brief in this appeal. Upon learning of the death of the plaintiff, he canceled the order for printing the record. Defendant in his affidavit in support of his motion states that the cost of printing the record and brief will run approximately $500 and that such expenditure would be of no avail herein in the event this action has abated by reason of plaintiff's death. The papers on the motion have been served on the special representative of decedent, Edward G. Springer, and on the law firm of Hoffmann, Donahue, Graff, Schultz and Springer, attorneys for the said representative. No appearance has been made in opposition to the motion, either written or otherwise. No issue has been taken with the statements contained in defendant's affidavit to the effect that at the time of plaintiff's death she owned no real or personal property, except a joint-tenancy interest with defendant in the homestead and that her sole heirs are defendant and the minor child of said parties, Mary Lou Wegge.

The rule appears to be well established in this state and elsewhere that, where a party to a divorce dies pending an appeal, as herein, from an order denying a new trial, the appeal abates with respect to the marital status but not so far as property interests are concerned.

In Schneider v. Grimes, 156 Minn. 25, 193 N. W. 942, this court held that in order for a judgment of divorce to be entered nunc pro tunc the entry may not involve more than a ministerial function, and in

Tikalsky v. Tikalsky, 166 Minn. 468, 208 N. W. 180, that the death of one of the parties to a suit for divorce results in the abatement of the action and that a judgment therefor cannot be entered nunc pro tunc, unless either party was clearly entitled to have it entered while both parties were living.

In Anders v. Anders, 170 Minn. 470, 213 N. W. 35, we said that if the entry of judgment requires the performance of some judicial proceeding involving discretion of the court, judgment nunc pro tunc cannot be entered if one of the parties dies before such proceeding is taken.

The decision in Swanson v. Swanson, 182 Minn. 492, 234 N. W. 675, is authority in this state for establishing a distinction where property rights are involved. It was there held that, where an appeal is taken from a judgment of divorce and one of the parties died pending the appeal, and property rights are affected by the judgment, the judgment will be reviewed. We had a situation there which is clearly distinguishable from the instant case where property issues are not involved. See, Schneider v. Grimes, *supra;* Tikalsky v. Tikalsky, *supra;* 6 Dunnell, Dig. (3 ed.) § 2799; also see, Lemp v. Lemp, 62 Nev. 91, 141 P. (2d) 212, 148 A. L. R. 1104, with Annotation at 1111.

No judgment was entered herein, no property issues appear to have been involved, and the appeal is taken from an order denying a motion for a new trial which was blended with an alternative motion to amend findings of fact, conclusions of law, and order for judgment. The filing of a supersedeas bond stays all proceedings herein and saves all rights affected thereby pending the appeal.

The outcome of the action, if not abated, would ordinarily remain undetermined until ultimately passed upon by the supreme court. It is otherwise where judgment has been entered and the appeal has been taken therefrom. In that event the judgment is not vacated or annulled but remains res judicata until, and unless, it is reversed. State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31.

As the record stands at present in these proceedings, the action having abated by the death of plaintiff and no judgment of divorce having been entered herein, the issues upon the appeal are moot. The motion is hereby granted and the case remanded to the trial court with instruc-

tions to enter dismissal thereof on the merits.

Remanded for dismissal on the merits.