## 17855

Louis PIANA, Respondent, v. Marie L. PIANA, Appellant
(123 S. E. (2d) 297)

368

*Ryan L. Scott, Esq.,* of Columbia, *for Appellant,* ▮

*Messrs. C. T. McDonald* and *Yarborough & Nettles,* of Florence, *for Respondent,* ▮

December 12, 1961.

OXNER, Justice.

This proceeding is a collateral attack, for lack of juris-diction, upon a portion of a decree rendered by the Civil Court of Florence County. It is here on appeal from an order of that Court holding that it had jurisdiction to deter-mine the matters complained of and refusing to vacate and set aside the decree.

In December, 1959, respondent brought an action in the above Court against appellant for a divorce on the ground of adultery and for the custody of their three minor children. In addition to seeking this relief, he asked that an "equitable settlement" be made of certain property in Darlington Coun-ty owned by him and his wife as tenants in common and that he be declared the owner of the house and lot in the City of Florence where they resided, which he alleged was bought with his funds and title wrongfully taken by his wife in her own name. Appellant denied the charge of adultery and interposed a counterclaim in the nature of a cross-action, wherein she sought a divorce on the ground of desertion, together with alimony. She asked that she be granted cus-tody of the children and that respondent be required to pro-vide for their support and maintenance. With reference to the allegations in the complaint as to the real estate, she alleged that she had an undivided one-half interest in the Darlington County property and was the sole owner of the residence in Florence which she claimed was purchased with her own funds. She asked "that there be a division or settle-ment of the properties owned by the parties."

After hearing the testimony, the Court in an order filed on September 9, 1960, held that the proof was insufficient to establish the charge of adultery; that respondent had not deserted appellant but on the contrary the evidence showed that she, without just cause or excuse, had deserted him in September, 1959 and because of such desertion was not entitled to separate support. Accordingly, neither party

was granted a divorce. The Court further awarded custody of the two minor daughters to the mother and custody of the minor son to the father, with visitation privileges to each parent. The Court found that both parcels of real estate, together with the furniture, fixtures and furnishings therein, were acquired "as a joint venture of both of the parties" and held that same should be equally divided between them with the right of either to "demand partition if an agreeable division cannot be arranged." Within due time appellant gave notice of intention to appeal from this order but on October 25th said appeal was dismissed on her motion.

A few days after the filing of the order of September 9, 1960, a new action was instituted in the Civil Court of Florence by respondent against appellant for a divorce upon the ground of desertion. (By this time the desertion found in the order of September 9th had continued for the statutory period of one year). Appellant defaulted in this action and a divorce was granted to respondent in a decree filed on December 13, 1960.

On December 29, 1960 appellant, after having employed other counsel, moved to vacate and set aside so much of the decree of September 9, 1960, as undertook to settle the property rights of the parties upon the ground that the Court was without jurisdiction to make such an adjudication. From an order filed on February 13, 1961 refusing said motion, this appeal is taken.

Appellant contends (1) that having refused to grant a divorce to either party, the Court was without jurisdiction to make any adjudication as to their property rights, and (2) that in any event, the Court was without jurisdiction because the value of the property involved (conceded to be in excess of $11,000.00) was above the jurisdictional limit of the Civil Court of Florence.

The jurisdiction of the Civil Court of Florence in ordinary civil actions is limited to cases "in which the amount claimed" does not exceed the sum of $11,000.00. Section

15-1608 of the 1952 Code. However, with reference to divorce proceedings it is provided: "Said civil court shall have concurrent jurisdiction with the court of common pleas of said county in actions relating to divorce from the bonds of matrimony and in the matter of alimony and property rights, regardless of the amount involved, connected with such divorce actions, if one of the parties to the divorce action shall have been a resident of said county within the jurisdictional territory of said court for six months." Section 15-1609.

We think Section 15-1609 contemplates that in divorce proceedings the jurisdiction of the Civil Court of Florence shall be coextensive with that of the Court of Common Pleas and that in such a proceeding the jurisdictional limitation in Section 15-1608 does not apply. This being true, our inquiry is whether the Court of Common Pleas would have had jursdiction to make the adjudication now sought to be collaterally attacked.

In determining the question of jurisdiction, our first inquiry is whether the Court had jurisdiction initially to entertain the action brought by respondent, for the general rule is that the jurisdiction of a court depends upon the state of affairs existing at the time it is invoked. If jurisdiction once attaches to the person and subject matter of the litigation, the subsequent happening of events will not ordinarily operate to oust the jurisdiction already attached. *Butler v. Whitt,* 230 S. C. 279, 95 S. E. (2d) 496; 14 Am. Jur., Courts, Section 170; 21 C. J. S., Courts, § 93.

The Supreme Court of Missouri, in *State v. Wear,* 145 Mo. 162, 205, 46 S. W. 1099, 1112, said, in speaking of jurisdiction:

"The pendency of a cause in a court where jurisdiction exists, and has been acquired in a lawful manner, is a test of the continuance of such jurisdiction, and of its valid exercise until final disposition is made of the cause, no matter

how flagrant may be the errors which attend the exercise of such jurisdiction, nor how numerous and obvious may be the errors with which the record abounds, because, the jurisdiction to decide right being once conceded, such concession necessarily embraces the power to decide wrong, and a wrong decision, though voidable, and though it may be avoided, yet until avoided is equally as binding as a right one. It cannot be attacked collaterally. The only way its binding force can be escaped or avoided is by appeal or writ of error."

Further to be kept in mind is the distinction between jurisdiction and the exercise of jurisdiction. "The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction." 21 C. J. S., Courts, § 26. As pointed out in *Jackson City Bank & Trust Co. v. Fredrick,* 271 Mich. 538, 260 N. W. 908, 909: "There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal."

Appellant apparently does not question the power of the Civil Court of Florence to settle property rights of the parties in cases where a divorce is granted but says that this is only an incident to the divorce and when a divorce is denied, the subject of the action fails and the Court is then without jurisdiction to adjudicate property claims. There are decisions, many of which are cited by appellant, to the effect that in the absence of statutory authority a court has no power after denying a divorce to decree a distribution of the property of the parties or to adjudicate their property rights. 27B C. J. S., Divorce, § 291(2); Annotation 74 A. L. R. (2d), page 316. The view is taken in some of these decisions that after a divorce is denied, the Court is without

power to convert the action into an independent one to determine disputed claims of the parties to real or personal property. Others hold that such an adjudication should not be made because the parties may become reconciled and resume cohabitation and the court ought not to interpose obstacles to a reconciliation by making decrees concerning property rights.

Most, if not all, of the decisions relied on by appellant are distinguishable from the situation presented in the instant case. In practically all of them the question was raised on direct appeal, while here it is sought to be raised by collateral attack. Under the statutes involved in some of them the courts in a divorce action are not permitted to exercise ordinary chancery jurisdiction. In this State the courts in such a proceeding may exercise full equity powers and the right to exercise those powers is not dependent on the success or failure of the divorce action. *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629; *Cleveland v. Cleveland,* 238 S. C. 547, 121 S. E. (2d) 98. Although in these cases a divorce was denied, it was held that the Court had jurisdiction to determine the question of separate maintenance and support. The reasoning assigned in some of the decisions that the parties may become reconciled and resume cohabitation has no application in the instant case because respondent procured a divorce before appellant instituted this proceeding. Moreover, this view does not go to the jurisdiction of the court but to the exercise of such jurisdiction.

A further vital distinction between the cases relied on by appellant and the instant case is that here the issues of which appellant now complains were presented by the pleadings. In her answer in the divorce case she expressly asked the Court to make a proper "division or settlement of the properties owned by the parties." The great weight of authority is to the effect that the "voluntary litigation in a divorce case by the parties of their respective property rights confers jurisdiction on the court to deter-

mine the questions raised thereby, regardless of whether the court otherwise would have had jurisdiction." 27B C. J. S., Divorce, § 291 (1), page 263.

In *Wipper v. Wipper,* 176 Minn. 206, 222 N. W. 922, 923, the wife made a collateral attack upon a divorce decree adjudicating certain property rights of the parties upon the ground that under the statutes of Minnesota the Court was without jurisdiction to make such an adjudication. In refusing to disturb the decree, the Court said:

"Assuming all that is so claimed, the fact remains that, where the issue is tendered by the pleadings in a divorce action, or where it is litigated by consent, the court may determine the rights of the parties, husband and wife, in the property claimed by either of them, and, when such an issue is so litigated and one or the other is adjudged the owner of certain property—where, as here, one or the other is found to be vested with the 'absolute title' to it—that ends the matter, unless the judgment is reversed or modified on appeal."

In discussing a contention that the Court has no jurisdiction in a divorce proceeding to dispose of the separate property of either party, the Court in *Glass v. Glass,* 4 Cal. App. 604, 88 P. 734, said:

"This is true in an ordinary proceeding for divorce. But in the case under consideration the action instituted by plaintiff was dual, in its character, seeking, as it did, not only a divorce, but an adjudication as to the separate character of certain described property, and a decree in effect quieting her title thereto. The issue was fairly made as to the property, and both parties submitted the question to the court for determination, and neither party made any objection to the joinder, nor to the evidence offered in support of their respective claims, and the court, under the pleadings and circumstances of the trial, had jurisdiction to determine the question involved as to the character of this property and to quiet the title of the rightful owner thereto."

To the same effect, see *Marshall v. Marshall*, 138 Cal. App. 706, 33 P. (2d) 416; *Randall v. Randall*, 158 Fla. 502, 29 So. (2d) 238.

We think the Court below properly refused to permit appellant to collaterally attack the decree of September 9, 1960. While our divorce statute (Title 20, Chapter 2 of the 1952 Code) does not expressly authorize the Court in a divorce proceeding to settle disputed claims of the parties to real and personal property, yet such an action is in the equity jurisdiction of the Court (Section 20-105) and we find nothing in the statute undertaking to restrict the broad powers of a court of chancery. The Court having general jurisdiction when a divorce action is brought, such jurisdiction is not lost when a divorce is denied. Assumng that in such a proceeding, particularly when the divorce is denied, the Court should refrain from undertaking any adjudication of property rights, the question is not one of jurisdiction but the proper exercise of jurisdiction. The remedy for any mistake is by direct appeal and not by collateral attack. Moreover, in the instant case each of the parties not only sought a divorce from the other but also asked the Court to determine their respective claims to certain real and personal property. It is difficult to see how appellant is in a position to complain of the determination of an issue which she herself joined in presenting.

Affirmed.

TAYLOR, C. J., and LEGGE, Moss and LEWIS, JJ., concur.