Augusta Baker and another *vs.* T. J. Sheehan and others.

June 17, 1882.

Exemption—Partnership Goods.—The exemption laws of this state are not applicable to partnership goods.

Joinder of Causes of Action.—The complaint in this case alleges facts going to establish a right of action in a judgment defendant against the judgment plaintiffs to have the judgment set aside on the ground that it was obtained by fraud, as well as a right of action for damages against such judgment plaintiffs and one Tyrer, (who acted as their agent,) for procuring the issue and levy of an execution issued upon the same. *Held,* that it states but a single cause of action against such judgment plaintiffs, under Gen. St. 1878, *c.* 66, § 285. *Also,* that the fact that defendant Tyrer is interested in part only of the relief asked for in such action is not ground of demurrer.

Sheriff—Duty as to an Execution Fair on its Face.—It is the duty of a sheriff to whom an execution fair upon its face is delivered, to levy it. The fact that the judgment upon which it is issued was fraudulently obtained is no concern of his, so long as it is not reversed, stayed, or enjoined.

Plaintiffs brought this action in the district court for Freeborn county, to recover damages occasioned by a seizure of their stock of goods in trade by defendant Sheehan, as sheriff of that county, on an exe-

cution in favor of defendants Dutch & Abbott, issued on a judgment obtained, as alleged, through the fraud of the other defendant, Tyrer, as the agent of Dutch & Abbott.

The complaint states that, on November 11, 1880, Dutch & Abbott, to whom plaintiffs were then indebted in the sum of $393, for a valuable consideration agreed with the plaintiffs to extend the time of payment to January 1, 1881, plaintiffs in the mean time to pay $20 weekly on account; that on November 13, 1880, notwithstanding this agreement, Dutch & Abbott placed this indebtedness in the hands of Tyrer for collection; that Tyrer, by means of false and fraudulent representations, as the agent of Dutch & Abbott, induced plaintiffs to sign a certain writing on November 13, 1880, representing such writing to be the agreement made by plaintiffs with Dutch & Abbott for the extension of the time of payment of their indebtedness, and that such agreement would save them from any difficulty; that such writing was in fact a power of attorney to certain attorneys, authorizing them, on behalf of plaintiffs, to confess judgment in favor of Dutch & Abbott for the amount of their indebtedness ; that Tyrer, by virtue of the power of attorney, caused judgment to be entered against the plaintiffs and execution to be issued, on November 16, 1880; that defendant Sheehan levied the execution upon plaintiff's entire stock of goods, valued at $1,200, thereby breaking up and entirely destroying their business; and that portions of said stock, particularly specified, of the value of $400, were exempt from execution.

Plaintiffs appeal from an order by *Farmer*, J., sustaining defendant Abbott's demurrer to the complaint

*Lovely & Morgan*, for appellants.

*Wm. S. Moore*, for respondent.

BERRY, J. This action is brought to set aside a judgment of the district court of Freeborn county, alleged to have been obtained by the fraud of the defendants Dutch & Abbott, plaintiffs therein, and of defendant Tyrer, as their agent. The action, is also brought to recover damages of the defendants mentioned, and of the other defendant, Sheehan, on account of the levy by the latter as sheriff, at the instance and request of his co-defendants, of an execution (issued

upon the judgment) upon certain goods, property of the plaintiffs as partners. As respects the levy it is also alleged that a part of the goods levied upon were exempt from execution, and have been duly demanded, etc.

As respects defendant Sheehan no cause of action is stated. Having, as sheriff, received an execution fair upon its face, it was his duty to levy it; whether the judgment was fraudulently obtained or not was no concern of his, as sheriff, so long as it was not reversed, stayed, or enjoined.

With reference to the claim of exemption, while there is considerable conflict of authority (see Thompson, Homesteads & Exemptions, §§ 194–216) as to the applicability of exemption statutes like our own to partnership goods, we are of opinion that the correct view, and that supported by the weight of authority, is that they are not so applicable. *Pond* v. *Kimball*, 101 Mass. 105; *Gaylord* v. *Imhoff*, 26 Ohio St. 317,—in which cases the reasons for this conclusion are clearly and forcibly stated. *Guptil* v. *McFee*, 9 Kan. 30; *State* v. *Spencer*, 64 Mo. 355; *Love* v. *Blair*, 72 Ind. 281.

As respects defendants Dutch & Abbott the complaint states one cause of action only. That is a cause of action under Gen. St. 1878, c. 66, § 285, which, after authorizing the bringing of an action to set aside a judgment obtained by fraud, provides that in such action "the court shall have and possess the same power heretofore exercised by courts of equity in like proceedings, and may perpetually enjoin the enforcement of such judgment, or command the satisfaction thereof,  *  *  *  *  and may also make such other or further order or judgment as may be just or equitable." Under the broad power thus conferred, the court is invested with authority, not only to set aside the judgment, but also to afford full relief from its consequences—as, for instance, by making restitution of property received by virtue of it; or—what is certainly comprehended in the words "such other or further order or judgment as may be just or equitable"—by awarding damages for the attempted or successful enforcement of the judgment by execution. In other words, the court is invested with power, according to the usual power of courts of equity, to administer complete justice in the premises. The cause of action thus

stated against Dutch & Abbott affects Tyrer as respects the matter of damages only.   As he has no interest in the judgment, the setting of it aside is in itself of no moment to him.   The case is, then, simply one of a single cause of action, in a part of the relief sought in which one of the defendants, Tyrer, is not interested.   There is no misjoinder of causes of action, as claimed in defendant's demurrer.

The demurrer was based upon two other grounds, viz., the failure of the complaint to state a cause of action, and the pendency of another action for the same cause.   The first of these grounds is disposed of by what we have before said.   As to the second, we discern no basis for it, and it does not appear to be urged by the appealing defendant.

Order reversed.