Statement of the case.

SMITH & VAIL CO. *v.* EDWARD BURNS.

MECHANIC'S LIEN.   *Code* 1892, § 2698.   *Purchaser pendente lite.   Appeal.
Notice.*

Where a suit, begun in due time, to enforce a lien on machinery
under § 2698, code 1892, is dismissed on demurrer, and plaintiff ap-
peals and obtains a reversal, one who, after the dismissal, purchases
the property under a trust-deed given by defendant, takes it sub-
ject to the lien, although he buys in good faith before the appeal,
and without notice that it will be taken.   The lien depends upon
the statute and not upon a judgment enforcing it, and is effectual
from the time suit is brought, even as against purchasers for value
without notice.   *Insurance Co.* v. *Helm,* 13 Smed. & M., 182, dis-
tinguished.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

This case was before the court on a former appeal from a
judgment sustaining a demurrer of Butts and Dabney, trus-
tees, to appellant's petition for the enforcement of a lien on
certain machinery.   See *Smith* v. *Butts,* ante, 269.   The
deeds in which they were trustees had been given by the Vicks-
burg Cotton Oil Company on its property after the machinery
was furnished by appellant.   It was held, on the former appeal,
that the statutory lien of a material man in favor of appellant
had not been waived by taking additional security not incon-
sistent therewith.   The case being remanded, Edward Burns,
the appellee herein, filed a petition, in which he set up the ex-
istence of the trust-deeds in which Butts and Dabney were
trustees; tne admission, to defend the suit, of said trustees who,
at that time, were advertising the property for sale under said
deeds; the action of the court below in sustaining their de-
murrer and dismissing appellant's petition; that, after the dis-

missal of the petition, he, the said Burns, had, in good faith, purchased the machinery in question, at a sale thereof made under said trust-deeds. Petitioner further averred that, at the time of his purchase, there had been no appeal from the judgment dismissing the case, and that no notice was given, at the sale or elsewhere, of an intention on the part of plaintiff to appeal from said judgment.. Petitioner therefore averred that, by reason of the fact that no appeal had been taken at the time of his purchase, the judgment sustaining the demurrer was in full force, and that he acquired a perfect title to said property by reason of his purchase. He asked to be made a party defendant, and that his petition be treated as his answer to the petition of plaintiff for the enforcement of its lien. He was admitted to defend, and thereupon appellant filed a general demurrer to the said answer. This was overruled, and appellant declined to plead further. Its petition was dismissed, the court holding that Burns had acquired title by its purchase.

*A. M. Lea*, for appellant.

Appellant acquired a lien upon the machinery in question by virtue of the statute, which lien took effect, even as against "purchasers for a valuable consideration, without notice," from the commencement of suit. Code 1892, § 2698. When the suit was dismissed on the former demurrer, appellant owed no duty to anyone to take an appeal instantly.

This is a suit *in rem*, and is in the nature of a suit in equity. 34 Miss., 419; 45 *Ib.*, 461. Appellee, Burns, is a purchaser *pendente lite*. The appeal was taken within the time allowed by law, and worked a continuity of the *lis pendens*. *Harle* v. *Langdon*, 60 Tex., 555. To the same effect, see 64 Tex., 353; 67 *Ib.*, 293; *Clary* v. *Marshall*, 4 Dana (Ky.), 69; 3 Metcalfe (Ky.), 450; 9 B. Monroe (Ky.), 228; 33 Mich., 464; 96 *Ib.*, 530; 16 Ill., 225; 109 *Ib.*, 540; 63 Mo., 290; 96 *Ib.*, 271; *Dunnington* v. *Elston*, 101 Ind., 373; 62 Minn., 337; 61 Ala., 299; 2 Pom. Eq. Jur., 881; Freeman on Judgments, § 205.

*Dabney & McCabe*, for appellee.

Plaintiff, having taken no appeal, sat quietly by and permitted the sale of the property under the trust-deeds to an innocent purchaser after its suit was dismissed, and should not now be held to have any rights, as against this purchaser, by reason of the subsequent reversal of the judgment. Reason and the weight of authority sustain our contention· that a purchaser under such circumstances is not subject to the rule of *lis pendens*. If we are wrong in this contention, the effect is that no person has a title to property freed from the effects of *lis pendens* until two years after a final judgment dismissing the suit. On a bill filed attacking a conveyance of land as fraudulent or setting up a right to personal property on any ground, where the rights of the parties are fixed by a decree, there could be no disposition of the property except subject to the contingency of the possible reversal of the decree on an appeal taken at any time within two years. The effect of such a rule would be to prevent persons from purchasing at sales of this character. This would be against public policy. On this point, we refer to the forcible language in *Cheever* v. *Minton*, 12 Col., 557, s.c. 13 Am. St. R., 258.

No difference exists between a proceeding by appeal and by writ of error. 17 Am. Dec., 603; 39 *Ib.*, 441; 13 Am. & Eng. Enc. L., p. 886, note 4; 16 S. W. Rep., 241; 2 How. (U. S.), 854; *Deland* v. *Platte County*, recently decided by the United States supreme court.

In *Webb* v. *Mills*, 24 Miss., 638, it was held that, a garnishee, after being discharged, could not resist payment to his creditor upon the ground that there might be a reversal of the judgment discharging him.

Appellee bought the property after it was adjudged that there was no lien in favor of plaintiff, and without any notice or intimation of an appeal. The judgment dismissing the case was then in full force, and it would be a great injustice to deprive

him of his property under these circumstances, or to compel him to pay plaintiff's judgment.

Aside from the rule of law suggested, we insist that, as between plaintiff and appellee, there is an equity in favor of the latter which should be protected. The plaintiff could have prevented appellee's loss by giving notice or taking an appeal before the property was sold. 2 Pom. Eq. Jur., § 634.

WHITFIELD, J., delivered the opinion of the court.

The lien of appellant is derived from the statute, § 2698, code 1892, not from the judgment of the court, and, by the terms of the statute, "takes effect," as against even purchasers or incumbrancers for a valuable consideration without notice thereof, from the time of commencing suit to enforce the lien. This suit to enforce the lien was commenced before appellee's purchase. The judgment of the court below is erroneous on the further ground that the appellee is a purchaser *pendente lite.* Appellant having instituted his suit, a demurrer was interposed by the original defendant, the Vicksburg Cotton Oil Company, which was sustained and the suit dismissed. Before the dismissal of the suit, the property against which the lien was asserted was advertised for sale under two trust-deeds executed by the said defendant. After the dismissal of the suit, and before appeal to this court, the sale under the trust-deeds occurred, at which the parties represented by the present appellee bought. Subsequent to the said sale, an appeal was prosecuted to the next term of this court following the term of the court below at which the suit was dismissed, and this court, at that term, the October term, 1894, reversed the judgment upholding the lien. The appellee claims that he is to be protected in his purchase under these circumstances, and that he was a *bona fide* purchaser of the property before the appeal was taken, and that his title cannot be affected by the subsequent reversal.

The appellant is not a purchaser at judicial sale, and not

within the rule of *Insurance Co.* v. *Helm*, 13 Smed. & M., 182. We think it manifest that appellant is a purchaser *pendente lite*, and acquired a title divested by the subsequent reversal. As well said by the supreme court of Indiana (*Dunnington* v. *Elston*, 101 Ind., 373), the opposite rule "would practically destroy the right of appeal in cases where the title to land is involved, by putting it within the power of the prevailing party below to render an appeal unavailing by a transfer of the title." Learned counsel for appellant has collated the authorities with great care. We content ourselves with referring specially to *Harle* v. *Langdon*, 60 Texas, 555, and *Clary* v. *Marshall*, 4 Dana (Ky.), 99, in which latter case nearly ten years intervened between the making of the deed under the decree below and correction of the decree on bill of review. The reasoning in these cases is conclusive. In the latter the court says: "Nor do his vendees stand in the attitude of purchasers under a judgment or decree. They voluntarily bought of him that to which he had an ostensible, judicial right, but they had bought it, not under the authority or at the instance of a court or any officer of the law, and certainly took it as his title, on his responsibility, and subject to all the contingencies to which the title of a vendor is ever liable. They bought from him, and could not have acquired thereby a better, or any other, right than he had. His right was liable to defeasance; this they must have known, or must be presumed to have understood. His title has been defeated, and, therefore, theirs, which was only derivative, and depended entirely on his, must also have failed at the same instant. After his right had been transferred to them, they stood precisely as he would have stood had he never conveyed his interest to them; and, of course, when the decree, which was the only foundation of his and their title, was annulled, no title remained in them. The superstructure fell with the destruction of its foundation."

In *Cheever* v. *Minton*, 12 Col., 557, cited by counsel for appellee, the court expressly states that in that state (Colorado)

" the writ of error "—which was the mode of appeal in that case—" constitutes a new and independent suit." Without, however, touching upon any alleged distinction between appeal and writ of error—within the operation of the principle under discussion—we are clear that, under our system, the reversal on appeal annulled appellee's defeasible title.

The judgment is reversed, the demurrer of appellant to appellee's petition is sustained, the petition dismissed and the cause remanded, with directions to the court below to award the *venditioni exponas* as prayed.

*Reversed and remanded.*