# LENORE J. DAHL v. JOHN DAHL.[1]

May 23, 1941.

Nos. 32,818, 32,846.

*A. M. Gunn,* for appellant-relator.

*Arthur T. Nelson,* for respondent.

[1]Reported in 298 N. W. 361.

362

Peterson, Justice.

The defendant was found guilty of contempt for failure to obey an order directing him to pay plaintiff temporary alimony. To obtain a review he has appealed from the order and caused a writ of *certiorari* to be issued out of this court.

On September 9, 1940, plaintiff brought this action against defendant for separate maintenance. The court made an order on October 14 "that beginning the 12th day of September, 1940, the Defendant pay to the Plaintiff as temporary alimony the sum of Fifty ($50.00) Dollars per month payable on the 12th day of each and every month until the further order of this Court," and for $35 attorney's fees.

Defendant paid the $35 attorney's fees and $50 on November 12 and December 12, but did not make the payments ordered due as of September 12 and October 12. It is not disputed that, although the last two dates were prior to the making of the order, payments were due for those dates under the provision that payments should begin as of September 12.

Defendant was cited to show cause why he should not be punished for contempt for failure to pay the amounts ordered for September 12 and October 12. There was a hearing on December 17, at which testimony was taken to determine whether or not defendant was in contempt. The court found defendant guilty and on December 21 sentenced him to the county jail for 30 days as punishment therefor.

This proceeding was for civil contempt. It was instituted for the plaintiff's benefit to compel payment of the allowances which had been awarded to her. The punishment was remedial, since its purpose was to coerce payment. An order adjudging a husband guilty of civil contempt is reviewable on appeal, but not by *certiorari*. Gulleson v. Gulleson, 205 Minn. 409, 286 N. W. 721; State ex rel. Hurd v. Willis, 61 Minn. 120, 63 N. W. 169. Being in doubt as to the proper mode of review, defendant brought the case here both by appeal and *certiorari*. On the argument the suggestion was made that if the order was reviewable on appeal

the writ of *certiorari* should be quashed without costs against the relator. There being no objection, it is therefore ordered that the writ of *certiorari* be and it is hereby quashed without costs against relator.

■ Defendant contends that violation of the order of October 14 did not constitute a contempt. His argument is that disobedience of an order directing payment of alimony out of income does not constitute a contempt; that where there is such disobedience 2 Mason Minn. St. 1927, § 8604, authorizes a procedure to compel obedience under which a further order may be obtained directing the husband to comply; that if the husband disobeys the last mentioned order he may be punished as for contempt for disobedience of the order directing compliance but not of the order making the award; and that, since there was no further order directing compliance, defendant could not be found guilty of contempt. This he contends is apparent from the last two sentences of the statute. Section 8604 reads as follows:

"In all cases when alimony or other allowance is ordered or decreed to the wife or children, the court may require sufficient security to be given by the husband for the payment thereof, according to the terms of the order or decree; and upon his neglect or refusal to give such security, or upon his failure to pay such alimony or allowance, the court may sequester his personal estate, and the rents and profits of his real estate, and may appoint a receiver thereof, and cause such personal estate, and the rents and profits of such real estate to be applied according to the terms of such order or decree. If the husband has an income from any source sufficient to enable him to pay such alimony or other allowance, and fails and refuses to pay the same, the court may order him to pay such alimony or allowance for the use of the wife or the children, or both. And if any person or party shall disobey such order, he may be punished by the court as for contempt."

A brief statement of the history of our statutes relating to awards of alimony and allowances out of the husband's income demonstrates that defendant's contention is untenable. Our present statute has placed an award out of income on the same basis as one out of property so far as concerns finality and enforceability.

Under our statutes prior to the enactment of L. 1901, c. 144, an allowance of alimony could be made out of the husband's property, but not out of his income. Wilson v. Wilson, 67 Minn. 444, 70 N. W. 154; State ex rel. Wise v. Jamison, 69 Minn. 427, 72 N. W. 451; 2 Dunnell, Minn. Dig. (2 ed.) § 2803, note 32. 2 Mason Minn. St. 1927, § 8604, was enacted when such was the state of our law. Its provisions were designed to secure payment to the wife of alimony and allowances out of the husband's property. Prior to the enactment of L. 1881, c. 78, the statutory predecessor of 2 Mason Minn. St. 1927, § 8604, provided for requirement of security from the husband and sequestration of his property as remedial means of securing payment to the wife of such allowances out of his property. There was then no statute or rule of law under which alimony could be allowed out of the husband's income or the husband compelled to apply his income to pay allowances awarded out of his property. In 1881 the provision was added that the husband could be ordered to apply his income to pay an award out of his property. The duty of the husband to apply income to the payment of alimony was secondary and arose only when it was imposed by an order subsequent to the award. The enforced application of the husband's income to payment of alimony awarded out of property was in the nature of an extraordinary remedy such as those for requirement of security and sequestration which the statute then authorized. The 1901 statute, which is now 2 Mason Minn. St. 1927, § 8602, authorizes an award of alimony out of income in the first instance, which imposes on the husband the primary duty from its inception without further order to apply income to the payments ordered. The nonpayment of alimony out of income under the present statute constitutes disobedience of a

valid order of the court for which the husband may be punished as for contempt. Sybilrud v. Sybilrud, 207 Minn. 373, 291 N. W. 607. In the cited case the rule was applied to an award in an action for separate maintenance.

■ The defense upon the merits was inability to make the payments. Defendant had an income of $210 for September, $307 for October, and $280 for November. Defendant made a detailed statement of his expenditures, all of which he claimed were necessary. He had a balance over necessary expenditures for October and November exceeding $56. Payment of the allowances which the court had ordered were as necessary as some of these expenditures. Defendant had assets exceeding the amount unpaid. About a month prior to the institution of this action, defendant offered to pay his wife $35 per month and said that he was able to make such payments. If his showing were to be taken at its face he could not have paid the offered amount. It is not necessary here to state the evidence in detail. We have carefully reviewed it. It amply supports the finding that defendant willfully refused to obey the order and that he was guilty of contempt for such disobedience.

■ Defendant contends that if he was guilty as charged under 2 Mason Minn. St. 1927, § 9794, the maximum punishment was a fine of $50 without imprisonment. The statute provides that where the right or remedy of a party is prejudiced by disobedience of the order, as here, the court may punish the offending party by imprisonment. The punishment imposed was within the court's power and was not excessive. Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517.

The writ of *certiorari* is quashed without costs against relator.

The order is affirmed on the appeal.