HELEN ANICH v. JOSEPH ANICH.[1]

April 21, 1944.

No. 33,699.

*Henry Paull* and *Henry J. Grannis,* for appellant.
*L. H. Dow,* for respondent.

YOUNGDAHL, JUSTICE.

Plaintiff appeals from an amended judgment in a divorce action.

An absolute decree of divorce was granted to plaintiff on December 13, 1941, on the ground of cruel and inhuman treatment. The parties have no children living. The only property involved is a house and lot located in the city of Duluth, of the approximate value of $2,500, subject to a mortgage of $450. The trial court determined that the property belonged to plaintiff and ordered defendant to convey to her by quitclaim deed his interest therein. Defendant refused to execute the deed, and plaintiff subsequently moved for an order amending the judgment of divorce so as to

[1]Reported in 14 N. W. (2d) 289.

adjudge her to be the owner in fee of the property in question. An order so amending the judgment was entered March 23, 1942.

On November 27, 1942, defendant procured an order to show cause why the judgment as amended on March 23, 1942, should not be amended to decree that he was the owner of the property. In support of his motion, he contended that he paid the grantor $360 when the conveyance was made to the parties (which was directly contrary to the position he had taken at the time of trial), and that the conveyance was not made to plaintiff in consideration for services rendered by her to the grantor. He further asserted that plaintiff was guilty of misconduct by her association with one James Carl prior to the trial and in her marriage to him within the prohibited six-month period following the divorce. After the hearing on the order to show cause the trial court made its order on April 20, 1943, amending the original decree by adjudging defendant to be the owner in fee of the premises. The correctness and propriety of the court's action in modifying the judgment is the issue here for review.

■ The trial court's memorandum, attached to its order, indicates that the court was of the opinion that its original award of the property to plaintiff was in the nature of alimony. We do not believe that the record justifies such a conclusion. The findings are silent regarding an award of alimony. On the contrary, the court found that "said Mrs. Mazar gave said premises to plaintiff in return for services and assistance" rendered to her, and that at plaintiff's request the property was conveyed to the parties as joint tenants. The court further found that defendant had paid no consideration therefor, and "that said property in fairness and equity should be awarded to plaintiff."

"* * * Alimony * * * relates to a provision for food, clothing, shelter and the necessities of life. It rests on marital duty to provide sustenance. The husband owes this duty in relation to the wife and also in relation with the outside economic world. * * * A division of property is essentially a different thing." Bensel v. Hall, 177 Minn. 178, 181, 225 N. W. 104, 106.

To the same effect are Kunc v. Kunc, 186 Okl. 297, 97 P. (2d) 771; Kingman & Co. v. Carter, 8 Kan. App. 46, 54 P. 13; Johnson v. Johnson, 57 Kan. 343, 46 P. 700; Milberger v. Veselsky, 97 Kan. 433, 155 P. 957; Mesler v. Jackson Circuit Judge, 188 Mich. 195, 154 N. W. 63; Bacon v. Bacon, 43 Wis. 197.

■ The issue of ownership of this property was fully litigated at the trial and determined adversely to defendant. He is bound thereby. This court stated in In re Petition of Wipper, 176 Minn. 206, 208, 222 N. W. 922, 923:

"* * * where the issue is tendered by the pleadings in a divorce action or where it is litigated by consent, the court may determine the rights of the parties, husband and wife, in the property claimed by either of them and, when such an issue is so litigated and one or the other is adjudged the owner of certain property—where, as here, one or the other is found to be vested with the 'absolute title' to it—that ends the matter, unless the judgment is reversed or modified on appeal."

Minn. St. 1941, § 518.19 (Mason St. 1927, § 8598), provides that when a divorce is granted, with exceptions not here pertinent, the wife is entitled to the immediate possession of her property. The court found, and the evidence justified such a finding, that the property belonged to plaintiff. It was not an award of alimony.

In his affidavits supporting the motion to amend the judgment, defendant makes much of the fact that he had spent substantial sums in the improvement of the premises. He made the same claim at the trial. The court might well have found that whatever money he spent for improvements was more than offset by his withdrawal from the bank and his retention of a substantial sum of money to which plaintiff had contributed, and of his enjoyment of the property for many years. The claim in the affidavit of defendant's attorney that plaintiff, contrary to the facts, led the court to believe that the title to the property originally stood in her name alone and that she, without consideration from defendant, placed it in the names of both parties as joint tenants, is not borne out by the record. It appears clearly from her testimony that she

contended that the conveyance was to both plaintiff and defendant as joint tenants. Upon interrogation by plaintiff's counsel, defendant took the same position in reply to the question, "Well, Mrs. Mazar wanted to give the house to Mrs. Anich, but Mrs. Anich wanted your name to be on the papers too?" by saying "Yes, because I wouldn't pay on it if she didn't put my name on it."

Supported by the affidavits of defendant and his counsel, the court amended the judgment more than one year after the amendment of March 23, 1942, was granted. Substantially everything alleged in the affidavits was a repetition of the allegations in the answer and cross-bill interposed by defendant in the action and the testimony adduced at the trial. The only exception was defendant's claim that he had paid Mrs. Mazar $360 in cash for the property and his complaint that plaintiff had remarried since the divorce decree was entered. The claim of a $360 cash payment to the grantor when the property was deeded to the parties is unavailing to defendant now. If in fact he made such a payment, he knew it at the time of trial and should have so testified. As the court said in In re Petition of Wipper, 176 Minn. 209, 222 N. W. 923, *supra:*

"So here, it must be said that the judgment in the divorce action, so far as it affects the property rights of the parties as between each other, is mutually binding upon them, notwithstanding any failure on the part of either to make a full presentation of his case by the necessary allegations and proofs, to assert and protect his rights, whatever they were."

Defendant's claim, made more than a year after trial, comes too late and is but an effort to receive a new trial under the guise of a modification. Hagen v. Hagen, 212 Minn. 488, 4 N. W. (2d) 100. Moreover, defendant's claim of payment, made at the hearing of the motion, is in direct conflict with his testimony at the trial. When asked at the trial, "Did you ever pay Mrs. Mazar anything for this house?" he answered "No." His completely changed version of the transaction is not entitled to probative force.

This is not a case where a change of circumstances subsequent to the decree of divorce justifies a modification of the decree as to alimony. 2 Dunnell, Dig. & Supp. § 2805, and cases cited. Here the restoration to plaintiff of the property in question was not in the nature of alimony, but an adjudication that she was entitled to the property after the issue had been fully litigated upon conflicting testimony. Plaintiff's alleged misconduct and subsequent remarriage, therefore, require no consideration. If aggrieved by the disposition of the property, defendant's remedy was by motion for a new trial or by appeal from the judgment. He permitted the time to appeal from the judgment to expire and then served his order to show cause, seeking an amendment of the decree. Having failed to avail himself of the procedure for reconsideration of the issue of ownership of the property, the judgment is final and conclusive. In re Petition of Wipper, *supra;* Bacon v. Bacon, 43 Wis. 197; 17 Am. Jur., Divorce and Separation, § 636, and cases cited.

Reversed with instructions to reinstate the judgment decreeing plaintiff to be the owner of the premises.

Mr. Justice Magney took no part in the consideration or decision of this case.