HELEN CARL, FORMERLY HELEN ANICH, v. BRUNO DeTOFFOL AND OTHERS.[1]

December 20, 1946.

No. 34,217.

[1]Reported in 25 N. W. (2d) 479.

*William E. Tracy,* for appellants Bruno and Elizabeth DeToffol.
*L. H. Dow,* for appellants Pietro and Josephine Chenet.
*Henry J. Grannis,* for respondent.

PETERSON, JUSTICE.

This appeal is from the judgment cancelling a certificate of registration of title issued to the defendants DeToffol and directing the issuance of a new certificate of registration of title to petitioner, Helen Carl, as the owner of the real estate in question.

Aside from some procedural questions relating to claims by appellants that they were entitled to a jury trial, that the case was not properly at issue, and that they were entitled to a new trial upon the ground of newly discovered evidence, the principal and only substantive question is whether the district court has jurisdiction to order the cancellation of a certificate of title to land.

under the land title registration system held by one who did not purchase in good faith and for value, where the holder of the certificate is the grantee of the grantee of one who acquired title under a judgment as modified which we reversed with directions to reinstate the original judgment decreeing the title to be in the party from whom it was taken by the modification thereof, and to order the issuance of a new certificate of title to the person in whom it was decreed by the original judgment.

The real estate involved is a house and lot in Gary, which petitioner, Helen Carl, and her former husband, Joseph Anich, owned as joint tenants and occupied as their homestead. She obtained a divorce. The judgment in the divorce case decreed that the real estate be restored to her as her separate property and not as an allowance in the nature of alimony. In April 1943, the district court, upon Joseph Anich's application, modified the judgment so as to adjudge that he was the owner of the property. On September 22, 1943, an appeal was taken to this court from the judgment as modified. We reversed with directions "to reinstate the judgment decreeing plaintiff [Helen Anich, now Helen Carl] to be the owner of the premises." Anich v. Anich, 217 Minn. 259, 263, 14 N. W. (2d) 289, 291. Upon remittitur, the judgment as modified was amended so as to conform to the directions of this court.

After the judgment was modified so as to adjudge that Joseph Anich was the owner of the property and before the appeal from the judgment as modified was taken, Joseph Anich, in an ex parte proceeding, of which Helen Carl had neither notice nor knowledge, obtained an order of the district court directing the registrar of titles to issue to him an owner's certificate of title without the surrender of the owner's duplicate of title held by her. Almost immediately after obtaining an owner's certificate of title, Anich conveyed to the appellants Pietro Chenet and Josephine Chenet, his wife, as joint tenants. An owner's certificate of title was issued to them. The Chenets demanded possession of the premises of Helen Carl, who occupied them at the time, and upon her refusal to surrender possession they recovered possession of the same in

unlawful detainer proceedings instituted in the municipal court of Duluth. On the day after the notice of appeal was served and while the appeal was pending, the Chenets conveyed to Bruno DeToffol (their nephew) and Elizabeth DeToffol, his wife, as joint tenants. An owner's certificate of title was issued to them.

Subsequent to our decision restoring to Helen Carl the real estate in question, she commenced this proceeding to cancel the owner's certificate of title held by the DeToffols and upon the cancellation thereof to have an owner's certificate of title issued to her. The Chenets and DeToffols appeared specially and objected to the jurisdiction of the court "to grant any relief on the petition as signed." The court overruled the objection and proceeded with the trial. The trial court found all the facts stated, and, in addition, that the Chenets and the DeToffols had actual knowledge of petitioner's occupancy of the premises, of her claim of ownership thereof, and that the transfers of title in question from Joseph Anich to the Chenets and from the Chenets to the DeToffols were made with the intention of depriving Helen Carl "of her title" thereto and not in good faith and for a valuable consideration. As a conclusion of law, it ordered cancellation of the owner's certificate of title held by the DeToffols and the issuance of a new one to Helen Carl. Separate motions for a new trial upon the ground, among others, of newly discovered evidence were made by the DeToffols and the Chenets, and denied. Thereafter judgment was entered in accordance with the trial court's conclusions. The Chenets and DeToffols appeal from the judgment.

In this court, appellants in their main brief assign as error: (1) The trial court had no jurisdiction of the proceeding; and (2) it erred in denying the motion for a new trial upon the ground of newly discovered evidence. After respondent in her brief challenged the sufficiency both of the proceedings on appeal and of the assignments of error, appellants in their reply brief made three additional assignments of error, as follows: (1) They were deprived of the right to a jury trial, which they claim they were entitled to upon the ground that the proceeding was one for the trial of title

to real estate; (2) they were deprived by the trial without a jury of the right to a jury trial secured to them under U. S. Const. Amend. VII; and (3) the trial court erred in denying their motion to dismiss for the reason that "no issue had been properly formed" among the parties.

No claim is made that the modification of the divorce judgment was void as being without the jurisdiction of the court (see, Anich v. Anich, 217 Minn. 263, 14 N. W. [2d] 291, *supra,* and Warner v. Warner, 219 Minn. 59, 17 N. W. [2d] 58), or that the judgment of the municipal court for restitution of possession of the premises to the Chenets adjudicated any of the rights of the parties with respect to title. The sufficiency of the evidence to sustain the findings is not challenged by any assignment of error.

■ The findings of fact that the Chenets and the DeToffols were not purchasers in good faith and for value will be considered, for lack of assignments of error challenging the sufficiency of the evidence to sustain the findings, to be true. An assignment of error is necessary to raise the question whether a finding is sustained by the evidence. Bladine v. Bladine, 158 Minn. 296, 197 N. W. 261; 1 Dunnell, Dig. & Supp. § 361.

■ The district court had jurisdiction to order the cancellation of the certificate of title held by the DeToffols and the issuance of a new one to Helen Carl as the rightful owner. Under § 508.71,[4] the district court has jurisdiction, where the title of a holder of a certificate of title has "terminated and ceased," to order the can-

---

[4]"508.71 * * * A registered owner or other person in interest may, at any time, apply by petition to the court, upon the ground that registered interests of any description, whether vested, contingent, expectant, or inchoate, have terminated and ceased; * * * and the court may hear and determine the petition after notice to all parties in interest, and may order the entry of a new certificate, the entry or cancelation of a memorial upon a certificate, or grant any other relief upon such terms, requiring security if necessary, as it may consider proper; but the provisions of this section shall not give the court authority to open the original decree of registration, and nothing shall be done or ordered by the court which shall impair the title or other interest of a purchaser who holds a certificate for value and in good faith, * * *."

cellation of the certificate of title and the issuance of a new one to the rightful owner; but in exercising such jurisdiction it should do nothing that would "impair the title or other interest of a purchaser who holds a certificate for value and in good faith." Not only § 508.71, but the land title registration act[5] as a whole, evinces an intention to limit the protection afforded by certificates of title to purchasers in good faith and for value. By express provision of § 508.25, a certificate of title protects only a "purchaser * * * who receives a certificate of title in good faith and for a valuable consideration," and even this protection is limited by numerous exceptions.[6] Hence, the purpose of land title registration is to establish of record an indefeasible title free from unregistered rights and claims, subject to the exceptions therein enumerated, and to afford protection only to purchasers in good faith and for value.[7] As between the parties—that is where the titles and rights of bona fide purchasers for value are not involved—the same rules apply in cases where the title is registered as where it is not. Hammel v. Feigh, 143 Minn. 115, 173 N. W. 570. In the cited case, we held that a partner could assert his rights as such

[5]Sections 508.01 to 508.83 (see, M. S. A. §§ 508.01 to 508.83, and cf. Mason St. 1927 and 1940 and 1944 Supps. §§ 8247 to 8329).

[6]The exceptions are:

"(1) Liens, claims, or rights arising or existing under the laws or the constitution of the United States, which this state cannot require to appear of record;

"(2) The lien of any tax or special assessment for which the land has not been sold at the date of the certificate of title;

"(3) Any lease for a period not exceeding three years when there is actual occupation of the premises thereunder;

"(4) All rights in public highways upon the land;

"(5) Such right of appeal, or right to appear and contest the application, as is allowed by this chapter;

"(6) The rights of any person in possession under deed or contract for deed from the owner of the certificate of title." See, M. S. A. § 508.25, and cf. Mason St. 1940 Supp. § 8271.

[7]Rea v. Kelley, 183 Minn. 194, 235 N. W. 910; In re Application of Juran, 178 Minn. 55, 226 N. W. 201; Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 A. S. R. 394.

in partnership land caused to be registered by another partner and that the assertion of rights to the land as between the parties (143 Minn. 124, 173 N. W. 573) "does not trench upon the well recognized theory that a Torrens decree creates an indefeasible title and is not merely evidence of title." In order to provide for the judicial determination of conflicting claims to certificates of title and for the issuance thereof to persons entitled thereto, the district court is invested with continuing jurisdiction over registered titles and registrars of titles.[8]

It seems plain here that the district court had jurisdiction under § 508.71 to determine whether the title of the DeToffols had terminated and ceased, and, if it had, to order the cancellation of their certificate of title and the issuance of a new one to Helen Carl as the rightful owner. No question involving purchasers in good faith and for value is presented; the unchallenged findings are that the Chenets and the DeToffols were not bona fide purchasers for value. The only question, then, on this phase of the case is whether the title of the DeToffols had terminated and ceased.

■ The title of the DeToffols "terminated and ceased" when Helen Carl was adjudged, upon her appeal in Anich v. Anich, 217 Minn. 259, 14 N. W. (2d) 289, *supra*, to be the owner of the property. The modification of the original judgment in that case providing that Joseph Anich was the owner of the property vested him with title. The judgment as modified, because it was the act of the court, was in full force and effect from the time of its rendition until it was reversed. Manemann v. West, 218 Minn. 602, 17 N. W. (2d) 74; Bolsta v. Bremer, 212 Minn. 269, 3 N. W. (2d) 430; Wilcox Trux, Inc. v. Rosenberger, 169 Minn. 39, 209 N. W. 308, 211 N. W. 822. See, In re Adoption of Pratt, 219 Minn. 414, 18 N. W. (2d) 147. A person whose property is taken under a judgment without a sale or conveyance of title under process issued for the enforcement thereof is entitled to restitution of the property in specie if the judgment is reversed. 2 Freeman, Judg-

[8]Sections 508.32, 508.39, 508.59 (see, M. S. A. §§ 508.32, 508.39, 508.59, and cf. Mason St. 1927, §§ 8278, 8285, 8305).

ments (5 ed.) § 1168. The plain reason for the rule is that reversal of a judgment nullifies it and restores the parties to the same situation in which they were prior to its rendition and that for that reason it is unjust that the party should retain any benefits received under the reversed judgment. Lehman-Durr Co. v. Folmar, 166 Ala. 325, 51 So. 954, 139 A. S. R. 37. Where a judgment is set aside for perjury, subornation of perjury, or fraud under § 548.14,[9] the same rule is applied. Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310; Baker v. Sheehan, 29 Minn. 235, 12 N. W. 704. True, the Chenets and DeToffols were not parties to the appeal from the judgment as modified in Anich v. Anich, *supra,* and no issue was there presented concerning their rights and claims. In fact, we were not advised even that the transfers had been made to them. But that is of no importance. Judgments are binding on parties and privies. A judgment affecting a party's title to real estate binds the party and his grantees. Ferch v. Hiller, 210 Minn. 3, 297 N. W. 102; Lobnitz v. Fairchild, 186 Minn. 215, 243 N. W. 62. See, Roberts v. Friedell, 218 Minn. 88, 15 N. W. (2d) 496. A person purchasing the property after final judgment and before the time to appeal from it or to vacate it has expired takes his chances on the title being affected by such proceedings. See, Aldrich v. Chase, 70 Minn. 243, 73 N. W. 161. Where, as here, the judgment itself decrees title in a party, a purchaser from such party stands in his shoes. As said in Lord v. Hawkins, 39 Minn. 73, 76, 38 N. W. 689, 690, he takes "only the title that he [the party] had." As pointed out in the cited case and in Flanery v. Kusha, 147 Minn. 156, 179 N. W. 902, such a purchaser is not entitled to the protection of a bona fide purchaser for value at a sale under an execution or a judgment. Consequently, the rule is that, where a judgment decreeing title to property in a party to the litigation without an execution or judicial sale is reversed, the party whose property was thus taken by the reversed judgment is entitled to restitution of the property in specie not only as against his adversary, but his grantees also. Ward v. Sherman, 155 Cal. 287, 100 P. 864; Clark's

[9]See, M. S. A. § 548.14, and cf. Mason St. 1927, § 9405.

Heirs v. Farrow, 49 Ky. (10 B. Monroe) 446, 52 Am. D. 552; Bryant v. Fairfield, 51 Me. 149; Delano v. Wilde, 77 Mass. (11 Gray) 17, 71 Am. D. 687; Smith & Vail Co. v. Burns, 72 Miss. 966, 18 So. 483. See, McBain v. McBain, 15 Ohio St. 337, 86 Am. D. 478. Of course, a grantee of a grantee can acquire no greater rights than the original grantee had. For that reason, Helen Carl is entitled to restitution of the property in question from the DeToffols. Restitution divests the latter of the title and vests it in Helen Carl. That being true, the title of the DeToffols has terminated and ceased.

■ Under the law of this state, a party is not entitled to a jury trial in land title registration proceedings. Peters v. City of Duluth, 119 Minn. 96, 137 N. W. 390, 41 L.R.A.(N.S.) 1044. There, the question arose in the original proceeding; here, the question arises in a subsequent proceeding for the cancellation of a certificate of title and the issuance of a new one. Both are the same in principle and are governed by the same rule.

■ U. S. Const. Amend. VII, is a limitation on the federal government only and not on the states. That being true, it applies only to jury trials in the federal and not in state courts. M. & St. L. R. Co. v. Bombolis, 241 U. S. 211, 36 S. Ct. 595, 60 L. ed. 961, Ann. Cas. 1916E, 505, L. R. A. 1917A, 86 (affirming Bombolis v. M. & St. L. R. Co. 128 Minn. 112, 150 N. W. 385). The cited case involved the assertion in the courts of this state of a right arising under a statute of the United States. · This amendment does not require cases to be tried by jury in the state courts. "The states, so far as this amendment is concerned, are left to regulate trials in their own courts in their own way." 12 Am. Jur., Constitutional Law, § 619.

■ A motion for a new trial was made by the DeToffols upon the ground, among others, of newly discovered evidence. The existence of the facts alleged as ground for a new trial could have been ascertained by inquiry of the Chenets and their attorney. Some exhibits, relied on as the basis for the motion, were in the possession of the attorney for the Chenets. He occupies a suite of offices with the attorney for the DeToffols. There was no showing why the in-

quiry was not made until after trial and that inquiry before trial would not have revealed the existence of the so-called newly discovered evidence. A motion for a new trial upon the ground of newly discovered evidence is properly denied for lack of diligence of the moving party where the same diligence which led to the discovery of the new evidence after trial would have discovered it had such diligence been exercised prior thereto. In re Estate of Hore, 220 Minn. 374, 19 N. W. (2d) 783, 161 A. L. R. 1366.

Affirmed.

Mr. Justice Magney took no part in the consideration or decision of this case.

