# MARY JANE McKEY v. FORREST T. McKEY.[1]

February 18, 1949.

No. 34,846.

[1]Reported in 36 N. W. (2d) 17.

*R. H. Fryberger* and *G. W. Townsend,* for appellant.
*Christensen & Johnson,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendant's motion for a modification of a decree of divorce with respect to the amounts allowed for alimony and support money.

In default divorce proceedings, in which defendant made no appearance whatever, plaintiff was awarded an absolute divorce on the ground of cruel and inhuman treatment and was given the permanent custody of the parties' only child, a four-year-old son. Plaintiff was awarded the household goods and furnishings, $50 per week as alimony, and $25 per week for the support of the minor child. The trial court in its findings—after stating that defendant had a monthly wage of $250 as a salesman plus a liberal expense account which took care of his living expenses—specifically found that defendant earned and was capable of earning $500 or more per month; that he maintained a life insurance program of approx-

imately $13,000; and that within the year he had inherited the sum of $4,000.

The divorce was granted on January 5, 1948. On April 20, 1948, defendant made his motion for a modification of the awards for alimony and support money on the grounds that (1) he had not at any time earned an amount sufficient to pay such awards; (2) that such awards are contrary to M. S. A. 518.22, in that they exceed one-third of his earnings and income; and (3) that he is entitled to a modification by reason of a change in circumstances with respect to his earning power. The motion was denied, and from the order of denial defendant appeals. It is to be noted that the record upon this appeal does not contain any of the evidence presented to the trial court when the divorce was granted. It is also to be noted that defendant's personal affidavit and the affidavit of John Jurgens, an officer of his employer, in support of the motion for a modification, are respectively dated February 26, 1948, and February 28, 1948. On February 28, 1948, defendant personally executed a supplementary supporting affidavit.

■ A trial court's finding of ultimate fact—such as the amount of the husband's estate and income in a divorce proceeding—will be presumed to be supported by the evidence and will not be reviewed by the supreme court when the record does not contain all the evidence introduced at the trial pertaining thereto. Pavelka v. Pavelka, 116 Minn. 75, 133 N. W. 176; 1 Dunnell, Dig. & Supp. §§ 343, 345. Here, the record contains none of the evidence. It must therefore be presumed that defendant at the time of the trial earned an income of $500 per month; that he had inherited within the year the sum of $4,000; and that he maintained a life insurance program of approximately $13,000.

■ Based upon the trial court's findings of fact as to the amount and nature of the husband's estate, earnings, and income, was the award of alimony to plaintiff contrary to law as being in excess of the statutory one-third? It is elementary that the provisions of § 518.22, limiting the amount of alimony that may be awarded to the wife to an amount not exceeding one-third of the husband's

estate, earnings, and income, have no application whatever to any concurrent award of support money for the support of a child. In short, we are here concerned only with the weekly alimony award of $50, which on a monthly basis substantially amounts to the sum of $220. If an award of permanent alimony payable in weekly, monthly, or other periodic installments is limited to one-third of the husband's earnings or income without taking into consideration the amount of his estate—both real and personal—the amount awarded to plaintiff herein was contrary to statute. Section 518.22 expressly provides, however, that the court may award alimony *out of the estate,* earnings, and income of the husband, but that the aggregate award and allowance made to the wife from his estate "shall not in any case exceed in present value one-third of the *personal estate,* earnings, and income of the husband, and one-third in value of his *real estate.*" (Italics supplied.) In the instant case, the court, in addition to awarding plaintiff weekly or monthly alimony payments of not to exceed one-third of defendant's earnings and income, clearly could have awarded to her as additional alimony a lump-sum share of not to exceed one-third of defendant's $4,000 estate of inheritance. Obviously, if as part of an alimony award the wife is entitled to a lump-sum share of the husband's estate, there is nothing in § 518.22 to prevent the court from awarding such lump sum to her in installments which may be added to the weekly or monthly alimony payments otherwise payable to her out of the husband's earnings and income. Pursuant to § 518.22, it follows therefore that in awarding permanent alimony payable in weekly, monthly, or other periodic installments, the court, in complying with the one-third statutory limitation, may take into consideration not only the earnings and income of the husband, but also his entire estate, both real and personal. In fact, the legislative history of our statute shows that in the beginning awards of alimony were payable only out of property, and that the enactment of the legislation was necessary to make them payable out of income as well as property. Hempel v. Hempel, 225 Minn. 287, 292, 30 N. W. (2d) 594, 598; Dahl v. Dahl, 210 Minn. 361, 298 N. W. 361.

With respect to temporary alimony, we have already held that in determining the husband's ability to pay temporary alimony not only his income, but also his property of all kinds, both tangible and intangible, should be considered. Hempel v. Hempel, *supra*. Although the amount of defendant's property was properly to be considered in fixing the alimony to be paid, the trial court here erred in not limiting the alimony payments—insofar as they exceeded a one-third share of the husband's earnings and income—to such a period as would exhaust a not-to-exceed-one-third share of his *estate*. Without such limitation, the court's decree would continue in effect without change after the one-third share of his real and personal property had been exhausted. Here, however, this error is not before us for consideration, in that defendant's remedy was by motion for a new trial or by appeal from the judgment. The judgment is now final and not subject to review. Anich v. Anich, 217 Minn. 259, 14 N. W. (2d) 289.

In the absence of pertinent evidence in the record, it may also be assumed that the trial court in awarding alimony took into consideration the cash surrender value of defendant's insurance policies as constituting part of his estate. The cash surrender value was determinable by actuarial computation. See, Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542.

■ No finding was made as to the value of the household goods and furnishings awarded to plaintiff. Where the findings of the trial court are silent as to the value of property assigned to the wife in a divorce proceeding and the record does not contain the evidence upon which the findings are based, it will be presumed that the property is of only nominal value. Loth v. Loth, *supra*.

■ Should the trial court have granted the motion for a modification of the awards of alimony and support money on the ground that defendant's circumstances had changed with respect to his earning power and income? In his personal supporting affidavit, defendant alleged that commencing with February 1, 1948, he no longer had a salary of $250 per month plus a liberal expense account to take care of his living expenses, but that instead he had—

"a drawing account of $200.00 per month, which is charged against a three per cent commission on all sales made by him; that he pays all of his own travel expenses while on the road; that this is the sole and only source of affiant's income * * *."

In no manner has defendant personally indicated the amount of his commissions or the net amount of his take-home pay. The affidavit of John Jurgens, an officer of the company by which defendant is employed, stated:

"* * * that the defendant * * * has been employed * * * since October 5, 1947; * * * and his compensation is a drawing account of $200.00 per month, which is charged against a three per cent commission on all sales made by him; that this arrangement commenced February 1, 1948; that from October 5, 1947, to February 1, 1948, Forrest T. McKey was employed at a salary of $250.00 per month and that after deductions for social security, withholding tax, and other deductions, the net take home pay of the defendant above named has been at the rate of $220.00 per month."

The Jurgens affidavit is of no help in disclosing defendant's income subsequent to February 1, 1948. It was made only 27 days after the new employment arrangements had gone into effect. It can be construed only as a statement that defendant had a net take-home pay of $220 per month prior to February 1, 1948. Under these circumstances, it would clearly have been an abuse of discretion to order a modification of the alimony and support money awards. The discretionary power of the court to modify an order or judgment awarding alimony, whether it be for a gross amount or payable in installments, is to be exercised cautiously and *only upon clear proof of facts* showing that a substantial change in the circumstances of the parties renders the modification equitable. 2 Dunnell, Dig. & Supp. § 2805, and cases there cited. The defendant, in attempting to establish a change of conditions as to his employment and income, had it in his power to give forthright and definite information concerning his net earnings, and this he failed to do. The burden of furnishing the court, in a straightforward and unam-

biguous manner, with clear proof of the facts rests upon the party who moves for a modification.

■ Aside from an alleged change in his earnings, defendant asserts that his inheritance of $4,000 is no longer available for alimony, in that part of the money has been spent and in that he has found it necessary, in order to obtain housing accommodations in Rapid City, South Dakota, where he is now employed, to make a part payment of $3,101.20 on the purchase of a house. He also alleges that he must make monthly installment payments of $73.88 for principal and $20.86 for interest on the balance of the purchase price. Upon the showing made by defendant, there is no indication why he should require an entire house for his individual use or why a part thereof could not be sublet for a cash rental to supplement his income. The duty to pay alimony and support money is a primary obligation that clearly takes precedence over wilfully incurred subsequent obligations which go beyond the husband's reasonable needs.

■ If, construing plaintiff's counteraffidavit in the light most favorable to defendant, he has remarried and for that reason has purchased a home in Rapid City, such fact furnishes no basis for a modification. In Quist v. Quist, 207 Minn. 257, 259, 290 N. W. 561, 562, we held:

"* * * Subsequent marriage of a divorced husband is his voluntary act, which is his right, but not a circumstance which warrants a modification of allowances in a divorce decree for his wife and child. Such allowances have a fixed and prior claim on the earnings of the divorced husband. He has no option as to compliance with the decree and is powerless to rid himself of its obligations by his own voluntary act. He cannot substitute the new obligations of his own choice arising from a subsequent marriage for those which the decree imposed upon him as arising from the prior marriage." See, Hagen v. Hagen, 212 Minn. 488, 4 N. W. (2d) 100.

Plaintiff is allowed $250 attorneys' fees in this court in addition to her taxable costs and disbursements.

The order of the trial court is affirmed.
Affirmed.

[1]Reported in 36 N. W. (2d) 7.